IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NEW PRIME, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:22-cv-03037-MDH |
| MCGRIFF INSURANCE SERVICES, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are Plaintiff's Motions to Strike affirmative defenses of Defendants McGriff Insurance Services, Inc. (as successor in interest to Regions Insurance, Inc.) ("Regions") (Doc. 13) and Amwins Brokerage of the Midwest, LLC ("Amwins") (Doc. 14). For the reasons set forth herein, both motions are **DENIED**.

## BACKGROUND

This case involves alleged insurance broker negligence. Plaintiff alleges that Defendants' negligence resulted in litigation between Plaintiff and its insurers and caused Plaintiff to incur damages. Plaintiff has brought claims of negligence and breach of fiduciary duty against Defendants. Plaintiff brings these Motions to Strike to strike certain affirmative defenses of Defendants Regions and Amwins, arguing that the affirmative defenses are insufficiently pled and fail to comply with Federal Rule of Civil Procedure 8(c).

## STANDARD

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v.*

1

*Jerusalem Café*, LLC, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977). Specifically, a motion to strike directed to affirmative defenses should be granted only when "the affirmative defense is so deficient that it fails to fairly present a question of law or fact which the court ought to hear and that deficiency causes prejudice to the moving party." *Knapp v. FAG Bearings*, 2021 WL 3771793, at *2 (W.D. Mo. Aug. 24, 2021) quoting *Lunsford*, 570 F.2d at 229.

**DISCUSSION**

Motions to strike affirmative defenses are disfavored, and, in fact, they are "rarely granted." *Lucas v. Jerusalem Café, LLC*, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011) (citations omitted). Under Rule 8(b)(1)(A), a defendant is required "state in short and plain terms its defenses to each claim asserted against it." Plaintiff properly noted in the Motions that there is no consensus in the Western District of Missouri as to what it means to state a defense "in short and plain terms." While the Supreme Court issued its opinions in *Iqbal* and *Twombly* that created the plausibility standard, "[n]either the Supreme Court nor the Eighth Circuit have addressed the applicability of the plausibility standard to insufficient defenses." *Jennings v. Nash*, 2019 WL 286750, *2 (W.D.Mo. January 19, 2019).

This Court has held recently that under Eighth Circuit precedent, a party need only make a "bare assertion" to plead an affirmative defense. *Knapp v. FAG Bearings*, *LLC*, 2021 WL 3771793, *2 (W.D.Mo. August 24, 2021) (quoting *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 361 (8th Cir. 1997)) (citations omitted). This standard was recently affirmed by the Eighth Circuit in *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756 (8th Cir. 2022). The Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to

rebut it, but the Eighth Circuit declined to adhere to a construction of the Rule that would privilege "form over substance." *Id*. at 765-66 citing *First Union Nat'l Bank v. Pictet Overseas Tr. Corp.*, 477 F.3d 616, 622 (8th Cir. 2007). The purpose of an affirmative defense is to prevent unfair surprise. *Id*. at 766. The "bare assertion" of a defense that is not "articulated with any rigorous degree of specificity" is sufficient. *Id*. citing *Zotos* at 361 (8th Cir. 1997). Accordingly, an affirmative defense that states simply that Plaintiff's claims are barred under principles of estoppel, waiver, notification, etc. is sufficient. *Id*.

1. **Defendant Regions' affirmative defenses**

Plaintiff moves the Court to strike Defendant Regions affirmative defenses to paragraphs 3, 4, 5, and 6 of its Answer:

> 3. Plaintiff's claims are barred by the doctrines of waiver, estoppel, collateral estoppel, res judicata, laches, and unclean hands.
>
> 4. Regions caused no injuries or damages to Plaintiff, and any injury or damage allegedly sustained by the Plaintiff may have been caused by a party other than Regions and not within the control of Regions.
>
> 5. If Regions was negligent, which is expressly denied, then the acts or omissions of Regions alleged to constitute negligence should be compared with the actions, omissions, negligence, and fault of the Plaintiff and others.
>
> 6. Plaintiff may have been otherwise negligent as may be determined during the course of discovery and/or trial.

(Doc. 12).

Plaintiff has not argued any basis for striking these affirmative defenses under the "bare assertion" pleading requirement. Under this standard, Defendant Regions' challenged affirmative defenses are sufficient. Plaintiff also argues that Regions' Affirmative Defense 4 purports to negate causation which is not an affirmative defense. "[U]nder Federal Rule of Civil Procedure 8(b), a defendant is entitled to assert generally "its defenses to each claim asserted against it." The Defendant's mistaken designation of its defenses as affirmative defenses does not warrant striking

3

the same under Rule 12(f)." Joe Hand Promotions, Inc. v. Ridgway, 2015 WL 1321477, *3 (W.D.Mo. March 24, 2015).

Furthermore, Plaintiff makes no argument or showing that these affirmative defenses prejudice Plaintiff in any way. Therefore, the Court finds no basis on which to strike Defendant Regions' affirmative defenses. The Motion to Strike these portions of Defendant Regions' Answer (Doc. 13) is **DENIED**.

2. **Defendant Amwins affirmative defenses**

Plaintiff moves the Court to strike the affirmative defenses at paragraphs 3, 5, 6, and 9 of Defendant Amwins Answer:

> 3. For further answer and defense, Defendant states that Plaintiff's rights and claims, if any, may be barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver and estoppel.
>
> 5. For further answer and affirmative defense, Defendant states that whatever injuries and damages as sustained by the Plaintiff, if any, are the direct and proximate result of the Plaintiff's own comparative negligence, comparative fault, contributory negligence and contributory fault, and Plaintiff's claims are barred by the doctrines of comparative fault, comparative negligence, contributory fault and contributory negligence, and further this Defendant's purported liability for Plaintiff's injuries and damages should consequently be reduced, in whole or in part, to the extent that Plaintiff's own negligence and comparative negligence contributed and/or proximately caused the alleged injuries and damages pursuant to the doctrines of comparative negligence and/or comparative fault.
>
> 6. For further answer and affirmative defense, Plaintiff has failed to mitigate its damages as required by law and, therefore, Plaintiff is not entitled to recover damages which could have been reasonably mitigated.
>
> 9. Defendant specifically reserves the right to amend its Answer to assert any additional affirmative defenses.

(Doc. 7).

For the reasons described above, the Court finds no basis to strike these affirmative defenses. Defendant Amwins' affirmative defenses in question satisfy the "bare assertion" standard, and Plaintiff does not assert or suggest that it is prejudiced if these affirmative defenses

4

are not stricken. Therefore, Plaintiff's Motion to Strike portions of Defendant Amwins' Answer (Doc. 14) is **DENIED**.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Strike (Docs. 13 and 14) affirmative defenses contained in Defendants Regions' and Amwins' Answers are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 6, 2022                                        /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**