# EXHIBIT A

## EXPERT REPORT OF JOSPEH ROPER

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 1 of 118

**REPORT OF JOSEPH J. ROPER**

I have been retained as an expert witness by Hepler Broom, LLC, and Kutak Rock, LLP, on behalf of McGriff Insurance Services, Inc., and AmWINS Brokerage of the Midwest, Inc., (the "Defendants"), to provide testimony in the case styled *New Prime, Inc. v McGriff Insurance Services, Inc., et al,* currently pending in the United States District Court for the Western District of Missouri, No. 6:22-cv-03037-MDH (the "current litigation"). I am providing this report pursuant to Rule 26 of the Federal Rules of Civil Procedure.

I have been retained to provide my analysis, conclusions and opinions relative to the reasonableness of certain fees and expenses incurred by the plaintiff in the lawsuit styled *Tafoya, et al v New Prime, Inc., et al.,* formerly pending in the County of San Miguel, Fourth Judicial District Court, State of New Mexico, Case No. D-412CV-2016-00190 (the "underlying litigation"), and the appropriateness of the decision by plaintiff to retain Gibson, Dunn & Crutcher LLP ("Gibson") in that action.

**BACKGROUND AND EXPERIENCE**

I am an attorney licensed in the State of Missouri, and the Federal Courts of Kansas and Missouri. I have been continuously practicing law for 36 years, since graduating from the University of Tulsa Law School in 1987. From 1987 to 1997, I was an associate and then a Shareholder in the law firm of Shughart, Thomson & Kilroy PC. In 1997, I co-founded the law firm of Foland & Wickens, PC. That law firm subsequently became Foland, Wickens, Roper, Hofer & Crawford PC. I was the Managing Director of that firm for over 20 years, until 2023 when I joined Watters Wolf Bub Hansmann LLC as a Principal. As Managing Director, I regularly negotiated rates with insurance companies and corporate clients.

I have tried to verdict more than 60 jury trials in the States of Missouri, Kansas and Texas. My practice has involved the following areas of law: Product liability, business litigation, construction defect litigation, fraud, premises liability, insurance coverage, nursing home liability and trucking/transportation litigation. I tried jury trials on behalf of North American Van Lines and Anheuser Busch.

I am a fellow of the American College of Trial Lawyers, since 2007. In 2018, I received the Ben Ely Jr. Award as the outstanding defense lawyer in the State of Missouri, from the Missouri Organization of Defense Lawyers. In 2021, I was named "Dean of the Trial Bar" by the Kansas City Metropolitan Bar Association. I am a past president of the Missouri Organization of Defense Lawyers, and a past president of the Western Missouri/Eastern Kansas Chapter of the American Board of Trial Advocates, and have served as a national board representative for that organization.

**TESTIMONY IN LAST FOUR YEARS AND COMPENSATION**

I have not testified in a deposition, arbitration proceeding or trial in the last four years.

I am being compensated at the rate of $500 per hour for my work in this case.

**APPROACH TO ANALYSIS – INFORMATION CONSIDERED**

I was provided with the materials described on Exhibit 1 to this report. I have also relied upon my personal experience as a trial lawyer and as the Managing Principal of a litigation firm.

**OVERVIEW OF THE UNDERLYING LITIGATION**

The underlying litigation arose from a collision involving a semi- truck operated by Jeremy Scudder. Mr. Scudder was an independent contractor for New Prime, Inc.. The accident occurred on December 28, 2015, when the truck operated by Mr. Scudder struck the rear of an automobile. Katherine and Sam Herrera, the occupants of the automobile, were killed. The collision took place on Interstate Highway 40 in New Mexico.

As a result of this collision, a lawsuit was filed by the estates of the two occupants of the vehicle, as well as members of their respective families on April 13, 2016. Named as defendants were New Prime, Inc., Jeremy Scudder and the New Mexico Department of Transportation ("NMDOT"). The lawsuit sought damages for personal injury, wrongful death and loss of consortium. The case was filed in New Mexico.

RLI Insurance Company, Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh and all excess carriers for New Prime, Inc. were put on notice of the underlying litigation. Lexington and National Union are both associated with American International Group, Inc. (AIG).

Under the RLI policy, plaintiff had the right to select defense counsel. New Prime, Inc. initially retained Butt, Thornton & Baehr PC to defend the case. New Prime Inc. then hired Civerolo, Gralow & Hill P.A. (the "Civerolo firm") to represent both New Prime, Inc. and Jeremy Scudder. The Civerolo firm replaced Butt, Thornton & Baehr PC.

On January 19, 2017, the Civerolo firm moved to withdraw as counsel of record for both New Prime, Inc. and Jeremy Scudder, citing a conflict of interest. The motion to withdraw was granted. At the time of the withdrawal, the trial of the underlying litigation was set for August 21, 2017, approximately seven months later.

New Prime Inc. then elected to retain the services of Gibson Dunn & Crutcher LLP (the "Gibson firm") to represent New Prime alone. Also retained by New Prime Inc. was the firm of Modrall, Sperling, Roehl, Harris & Sisk, P.A., as separate counsel for Jeremy Scudder.

To prepare the case for trial, the Gibson firm attended depositions, filed and responded to motions, attended hearings and conducted a focus group and mock jury trials.

A mediation was held on June 19, 2017. The case did not settle at the mediation.

The trial date of August 21 was vacated, and the case did not proceed to trial on that date.

During the previous June of 2017, Lexington retained the firm of Ray, McChristian and Jeans, P.C. (the "Ray firm") as additional counsel. The Gibson firm continued to prepare the case for trial. In September, 2017, Lexington asked the Gibson firm to withdraw from the case. The Gibson firm did so on September 26, 2017. New Prime Inc. was defended thereafter by the Ray firm until the case was settled on May 29, 2018. The underlying litigation was settled for $20,000,000.00.

New Prime, Inc. then brought the current litigation against McGriff Insurance Services, Inc., as successor in interest to Regions Insurance, Inc., and AmWINS Brokerage of the Midwest, Inc. alleging negligence in the placement of insurance resulting in a $2,000,000.00 gap in insurance coverage. New Prime further alleges negligence for failing to assess, understand and explain the defense provisions in the tower of insurance placed by Defendants, which in turn allegedly caused New Prime to incur certain defense costs for which it was not reimbursed. The current litigation was originally filed in Missouri State Court, but was removed to the United States District Court for the Western District of Missouri.

**FEES AND EXPENSES INCURRED**

New Prime incurred $7,215,351.46 in legal fees, (approximately 1 million dollars per month), and $508,894.68 in expenses billed by the Gibson firm.

New Prime is seeking as damages in the current litigation the legal fees and expenses it incurred in excess of $5,000,000.00 that resulted from its decision to retain the Gibson firm.  I have been asked to provide opinions with respect to two primary questions:

One – Were the overall fees and expenses that resulted from New Prime's decision to retain the Gibson firm reasonable?

Two – Was the decision to retain the Gibson firm, and incur the costs associated with that decision, reasonable?

New Prime has engaged the services of Mr. Gary Greenfield to provide opinions and testimony in this case on essentially the same areas.  Where appropriate, I may offer criticisms of certain of his conclusions in the course of this report, either impliedly or expressly.

**METHODOLOGY FOR EVALUATING REASONABLENESS OF ATTORNEYS FEES AND SELECTION OF COUNSEL**

There is a substantial body of law in every jurisdiction that deals with the determination or evaluation of reasonable attorneys fees.  In some contexts, ethical considerations are implicated.  The American Bar Association Model Rules of Professional Conduct contain a specific provision that relates to attorney fees.  This rule has been adopted in many jurisdictions, in that the content of the rule is mirrored in state statutes.  Model Rule 1.5 states:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses.  The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent, to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar services;
(4) the amount involved and the result obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

The comment to the rule provides that "The factors specified in (1) through (8) are not exclusive. Nor will each factor be relevant in each instance. "

In the State of New Mexico, the New Mexico Rules of Professional Conduct, Rule 16-105 sets forth the same criteria, verbatim.

The State of California, in Rule 4-200, sets forth the same criteria as the ABA Model Rule, with some slight variations and additions:

(A) A member shall not enter into an agreement for, charge, or collect an unconscionable fee.

(B) Unconscionability of a fee shall be determined on the basis of all facts and circumstances existing at the time the agreement is entered into except where the parties contemplate that the fee will be affected by later events. Among the factors to be considered, where appropriate, in determining the conscionability of a fee are the following:

(1) The amount of the fee in proportion to the value of the services performed.
(2) The relative sophistication of the member and the client.
(3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
(4) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the member.
(5) The amount involved and the result obtained.
(6) The time limitations imposed by the client or by the circumstances.
(7) The nature and length of the professional relationship with the client.
(8) The experience, reputation, and ability of the member or members performing the services.
(9) Whether the fee is fixed or contingent.
(10) The time and labor required.
(11) The informed consent of the client to the fee.

Given the fact that the underlying case was venued in the State of New Mexico, my analysis will conform to the ABA Model Rule, and its identical counterpart in the New Mexico Rules.

**ANALYSIS UNDER THE ABA MODEL RULE CRITERIA**

1. THE TIME AND LABOR REQUIRED, THE NOVELTY AND DIFFICULTY OF THE QUESTIONS INVOLVED, AND THE SKILL REQUISITE TO PERFORM THE LEGAL SERVICE PROPERLY;

This case involved two fatalities from a semi-truck collision. The operative liability facts were that Mr. Scudder rear ended the decedents. This is typically the least complex accident reconstruction scenario. New Mexico is a comparative fault state, but it does not appear that there was any evidence upon which fault could be assessed to the plaintiffs. Their vehicle was stopped in traffic, struck in the rear by Mr. Scudder, and pushed into another tractor trailer in front of their car. Liability in these situations is reasonably clear.

There is an indication in Mr. Greenfield's report that part of the allegations in the case included the contention that Mr. Scudder suffered from sleep apnea, which contributed to the collision. Trucking cases often, though not always, involve evidence of various causes of inattention, delayed reaction time or even intoxication. This issue is routinely explored in the context of attempting to develop liability facts against the employer/lessor defendant. The existence of this allegation is not outside the normal experience in trucking litigation.

Mr. Greenfields report indicates that the decedents were killed instantly, so for the purposes of this report I assume that fact as true. Often in tractor trailer accidents there are catastrophic injuries, which necessitates extensive discovery of medical issues, as well as extensive expert involvement related to past and future care, and life care plans associated with such future care. The defense is then often compelled to marshal opposing expert evidence to counter the plaintiff's proof on these issues. If the plaintiffs were killed instantly, none of these issues would be developed to any significant degree.

In order to effectively represent a trucking company or driver in litigation arising from a collision, it is necessary to have an intimate familiarity with the Federal Motor Carrier Safety Regulations. These regulations and requirements are often central to the liability issues in the case, as well as claims for punitive damages. I do not have sufficient information in the materials provided to opine on the degree to which these issues may have differed or been more complex than the routine catastrophic injury trucking case. This is not, however, expertise that should be developed from scratch at the clients expense, and a working knowledge of these regulations would be a baseline for a qualified lawyer handling truck accident cases.

It summary, the basic facts of this case do not present an unusually novel truck accident situation, nor do the basic liability and damage issues support the conclusion that an extraordinary amount of time and labor would be required beyond that normally contemplated in similar cases.

2. THE LIKELIHOOD, IF APPARENT TO THE CLIENT, THAT THE ACCEPTANCE OF THE PARTICULAR EMPLOYMENT WILL PRECLUDE OTHER EMPLOYMENT BY THE LAWYER;

I do not consider this factor to have particular relevance to this case.


3. THE FEE CUSTOMARILY CHARGED IN THE LOCALITY FOR SIMILAR LEGAL SERVICES;

The locality for this case was state court in New Mexico. The legal software company Clio compiles and publicly releases data each year on the average hourly rates charged in each of the 48 contiguous states for attorneys services. Clio publishes a range of rates, and then further breaks down the range by practice area/specialty, providing an average rate for each. The following is data from 2022. While data from 2017-18 would technically be more accurate, the trend for the past decade in legal fees in the United States has been consistently upward, so utilizing this data is a conservative choice.

**AVERAGE HOURLY RATES**

| | |
|---|---|
| **NEW MEXICO** | **$164-$342** |
| **CIVIL LITIGATION** | **$203** |
| **PERSONAL INJURY** | **$168** |

If we were to expand the search to neighboring populous states, that would have law firms with the requisite size and expertise to handle a case like the underlying litigation, the following information would be relevant:

| | |
|---|---|
| **ARIZONA** | **$142-455** |
| **CIVIL LITIGATION** | **$298** |
| **PERSONAL INJURY** | **$301** |
| **COLORADO** | **$122-510** |
| **CIVIL LITIGATION** | **$283** |
| **PERSONAL INJURY** | **$245** |
| **TEXAS** | **$159-$433** |
| **CIVIL LITIGATION** | **$328** |
| **PERSONAL INJURY** | **$283** |

The rates charged by the Gibson firm were substantially in excess of any of the above ranges. Exhibit 2 to this report details information related to the primary attorneys at the Gibson firm who handled this case, comprising 82% of the hours recorded by all timekeepers, regardless of whether they were attorneys or paralegals. The rates for these attorneys ranged from $293 an hour on the low end, to $1,199 on the high end. The average rate for these attorneys was $782, more than twice the average rate for civil litigation in any of the three states referenced above. According to the same Clio data, the range for attorneys in California is between $90 an hour and $483 an hour, with the average for civil litigation at $351. The average rate charged by the Gibson firm on this matter was therefore more than twice the average civil litigation rate in California.

There were two large New Mexico firms, both with experience in trucking litigation involved in this case for the defense. The average rate charged by the Modrall firm for this case was $363 an hour. The average rate charged by the Rodey firm was $412 an hour, representing rates 46% and 52% respectively of the average rate charged by the Gibson firm.

This data shows that the rates charged by the Gibson firm, and incurred by New Prime, were substantially in excess of the fees customarily charged in the locality, even broadly defined as the region.

4. THE AMOUNT INVOLVED AND THE RESULTS OBTAINED;

There is no doubt that this case is of a character with very large exposure. Juries do not like tractor trailers, nor the companies behind them. Clear liability cases, as is the case with the underlying litigation, present even more risk. There is no fault on the part of the plaintiffs, perhaps aggravated liability on the part of the defendants, and no real argument about the severity of the loss. It is also often the case that the drivers do not make particularly good witnesses. It appears that was the case here, as well.

These facts do not, however, somehow set this case apart from a large swath of other serious trucking cases involving catastrophic injury or death. This is the nature of the litigation in many cases.

Jury verdict research, focus groups and mock juries are useful. Their degree of utility is directly related to the manner, method and quality of the assembly of the audience group, and the presentations to that group. I have no information directly related to these issues in the underlying case, and will assume they were professionally done. These results, as set forth in the attachment to Mr. Greenfields report, are not inconsistent with what I would have expected. This was a large exposure case, with a wide variety of potential outcomes from a damages perspective.

The result obtained in this case was a settlement for $20,000,000. This settlement was not reached until almost 8 months after the Gibson firm withdrew, and was replaced by the Ray firm. It is impossible to discern from the information available whether and to what degree the efforts of the Gibson firm contributed to this result. The figure for which the case

settled, standing alone, would seem to be a reasonable and perhaps good result given the challenges of the case.

5. THE TIME LIMITATIONS IMPOSED BY THE CLIENT OR BY THE CIRCUMSTANCES;

The first time entry by the Gibson firm is January 27, 2017. The trial, at that time, was set for August 21, 2017. That provided the Gibson firm with approximately 7 months to conduct the remainder of preparations for trial.

As mentioned earlier, this was a rear end accident case with two fatalities. According to Mr. Greenfield death was instantaneous for the victims. The Gibson firm was retained to represent the company. Another firm was responsible for representing the driver.

From the deposition attendance summary to Mr. Greenfields report, it appears there were approximately 36 depo days (days with 2 attorneys at the same deposition counted as two). The bulk of these were in May of 2017, a total of 25.

Over the course of the case, there were 13 hearings in the case. The bulk of these hearings occurred after May, when most of the deposition discovery was completed.

Seven months is a relatively compressed time period for a case of this character. It is, however, roughly consonant with the amount of time given in some Federal Courts for complex personal injury cases. It appears from the course of this case that most of the deposition discovery was confined to a one month period, and completed close to 60 days before trial. This case would have required multiple attorneys.

The time circumstance in the underlying litigation would have required a firm of adequate size to devote, at times, ideally 4 attorneys and 2 paralegals to the case.

6. THE NATURE AND LENGTH OF THE PROFESSIONAL RELATIONSHIP WITH THE CLIENT;

Mr. Greenfields report indicates that New Prime had never used the Gibson firm "for this type of case". Trucking litigation is not necessarily highly specialized, but prior experience is essential.

7. THE EXPERIENCE, REPUTATION, AND ABILITY OF THE LAWYER OR LAWYERS PERFORMING THE SERVICES;

It is generally true that lawyers with more experience and a positive reputation in the community are able to command higher rates for their work. It does not necessarily follow that lawyers with more experience develop a good reputation, nor superior ability. Reputation and ability are subjective determinations. Experience, on the other hand, is often objectively determinable. For example, a lawyer who has tried 25 jury trials to verdict as lead counsel, can objectively prove that experience.

Almost every lawyer in private practice in this country has an online presence.  These are typically found in their firm websites, or other social media sites like Linked In.  There are ethical considerations in public statements by lawyers about their experience and expertise, and in my experience most lawyers take that seriously.  As lawyers careers develop, they will indicate in these public facing ways the areas that they have developed this expertise.

Exhibit 2 to this report is a compilation of the names of the top 13 attorney billers to the underlying litigation by the Gibson firm.  These billers account for 82% of the hours billed to the case, whether by an attorney or paralegal.  The chart includes their name, the hours they billed to the file, and the percentage of the total of the billed hours that represents.

Also included in this table is the areas of expertise they have included in their public statements. For the lawyers involved who are still with the Gibson firm , this information is taken from their website.  For those no longer with the firm, other sources.

Not a single one of these attorneys lists as an area of expertise trucking accident litigation, or trucking/transport litigation, or personal injury litigation.  There is an abundance of expertise among this group in antitrust, Labor and Employment, Class Actions, and an array of business oriented litigation.

It appears that the lead attorney for the Gibson firm was Mr. Christopher Dusseault.  The role of lead counsel is critical in any complex litigation.  Consequently, the experience of lead counsel is also critical.

Mr. Greenfields report highlights the fact that Mr. Dusseault's experience in this specific area of practice consisted of handling one appeal of a case tried by another firm.  He obtained a reversal of that judgment on appeal, prepared the case for trial and settled it.  Mr. Dusseault's current website biography lists this under the heading "Complex Civil Matters":

> "Representation of two trucking companies in wrongful death actions arising out of collisions with long haul trucks.  In each case Plaintiffs sought to recover in excess of $150 million in damages."

It is evident from this information that prior to his engagement for this matter, Mr. Dusseault had handled exactly one trucking collision/wrongful death case, and tried zero.  Mr. Dusseault himself does not currently list trucking or transportation litigation as one of his areas of practice, only a reference to "Litigation", which is common to all of the lawyers assigned to this case as members of the Gibson firm litigation department.

This information, taken as a whole, indicates that the lawyers assigned to the defense of New Prime by the Gibson firm had a wide array of legal experience, but virtually no experience is the specific subject matter of the underlying litigation.  This factor would certainly not support the conscious decision to incur the premium rates associated with this retention in this case.

8.  WHETHER THE FEE IS FIXED OR CONTINGENT

    This factor is not relevant to my analysis.

    ADDITIONAL CRITERIA

New Primes' expert Gary Greenfield included within his analysis certain factors that are not expressly set forth in the ABA model rule, nor in the parallel rules from New Mexico or California. My opinions with respect to these added topics are set forth below:

4.  THE QUALITY AND APPROACH OF OPPOSING COUNSEL

    I would agree that the quality and approach of opposing counsel can have an impact on the expenditures associated with defending any case. Litigation is by its nature both active and reactive. The plaintiffs here were ably represented by counsel with impeccable credentials.

    Encountering quality counsel in cases with significant exposure is not unusual. Nor is it unexpected to deal with aggressive discovery in such a case. To effectively respond to these tactics requires both experience and effort. Other than its size, there is nothing about the Gibson firm or the lawyers who staffed this case that would support the conclusion that they as a group or individually were uniquely equipped to deal with these challenges.

7.  THE NATURE OF THE MANAGEMENT OF THE LITIGATION BY THE CLIENT AND COUNSEL

    Mr. Greenfields report indicates that the underlying litigation was managed, for New Prime, by Corporate Counsel Mr. Eric Nau. His experience is described as six years as a litigator, and then by 2017 fourteen years of experience managing plaintiffs trucking litigation all over the United States.

    It would seem quite likely that New Prime has a large and active portfolio of trucking litigation.

    New Prime's website indicates the company was founded in 1970, and is "one of America's largest freight trucking operations". Currently, New Prime operates approximately 6,500 trucks.

    According the Federal Motor Carrier Safety Administration, in the 24 month encompassing 2021 and 2022, New Prime trucks were involved in 787 crashes. FMCSA data shows that between 12/30/20 and 8/25/22, New Prime trucks were involved in 22 crashes with 1 to 6 fatalities. This same data set indicates that New Prime Trucks were involved in 227 crashes with reports of injuries to between 1 and 86 people. There is no doubt that at any given time Prime is defending litigation similar to the underlying litigation in multiple jurisdictions across the country.

    It would seem plausible that a company with this level of ongoing experience in trucking would have granular knowledge of lawyers with depth and quality of experience in defending truck collision cases. Yet, as detailed previously in this report, Mr. Nau chose a firm and a group of lawyers that did not hold themselves out to the public as having that very experience. Mr. Nau elected to employ a firm with

negligible experience in trucking litigation that would charge his company roughly twice the rates of other firms with such experience. A fair analysis of this factor does not support any conclusion that the fees incurred were reasonable.

8. THE FACT THAT THE CLIENT WAS INCURRING AND PAYING THE DEFENSE COSTS DURING THE LITIGATION WITHOUT AN EXPECTATION OF REIMBURSEMENT.

Mr. Greenfield opines that sophisticated in house counsel managing litigation, and paying attorneys fees with corporate funds is a strong indicator of the reasonableness of attorney's fees. I would agree that doing so without an expectation of reimbursement is evidence of the commitment of in house counsel to his or her decision to employ a firm and accept their rates in the first place. I do not agree that this fact alone objectively establishes the reasonableness of the fee. The simple fact that a client agreed to a fee is not one of the criteria set forth in the ABA Model Rule, and does not weigh heavily in my analysis in this case.

### CONCLUSION

The foregoing analysis, in my opinion, strongly supports the conclusion that the fees incurred by New Prime, Inc., in the underlying litigation were not reasonable, and roughly twice what would have been reasonable. Furthermore, my opinion is that the decision to employ the Gibson firm, under the known facts and circumstances, was also not reasonable.

As to the expenses in the case, I do not have sufficient information to opine on the reasonableness of those expenses.

I reserve the right to amend or add to the above opinions should further information become available.

Joseph J Roper

## CURRICULUM VITAE

JOSEPH J. ROPER

Watters Wolf Bub Hansmann

One Main Plaza

4435 Main Street

Suite 920

Kansas City Missouri 64111

816 762-3461

jroper@wwbhlaw.com

PROFESSIONAL EXPERIENCE

Watters Wolf Bub Hansmann

January 1, 2023 to date – Principal

Trial attorney engaged in a broad based litigation/trial practice involving product liability, construction defect litigation, premises liability, healthcare, discrimination, insurance, fraud and personal injury defense.

Foland, Wickens, Roper, Hofer & Crawford PC

September 15, 1997 to December 31, 2022 – Managing Principal

Managing Principal of a mid-size litigation firm of approximately 30 attorneys.  Active trial practice in the areas of product liability, construction defect litigation, premises liability, healthcare, discrimination, insurance, fraud and personal injury defense.

Shughart, Thomson & Kilroy PC

May 1987 to September 14, 1997 – Associate, Partner in approximately 1993.

Trial attorney in a firm of approximately 80 attorneys.  Active trial practice in the areas of product liability, premises liability, trucking litigation, healthcare, discrimination, insurance, fraud and personal injury defense.

TRIAL TEACHING EXPERIENCE

International Association of Defense Counsel

I have served on two faculties of the International Association of Defense Counsel Trial Academy, at the University of Colorado in Boulder, and at Stanford University.  Law firms across the country send young lawyers to these academies for an intense one week hands on trial practice course.

The University of Missouri

Each year the University of Missouri Law School at Columbia conducts a trial practice course during the intercession, which is a 2-3 day course on trial practice.   I have served on a number of these faculties over the last 20 years.

The University of Missouri at Kansas City Law School

I have in the past served as an assistant instructor/advisor for the UMKC Trial Team, in preparation for competition.

AWARDS AND DISTINCTIONS

In 2021, named "Dean of the Trial Bar" by the Kansas City Metropolitan Bar Association.

2018 Recipient of the Ben Ely, Jr. Award, given to the outstanding defense lawyer in the State of Missouri by the Missouri Organization of Defense Lawyers.

Fellow of the American College of Trial Lawyers, an invitation only organization that limits its membership to 1% of the practicing bar in any given state or province of Canada.

Advocate level member of the American Board of Trial Advocates, a national organization of trial lawyers from both the plaintiff and defense bar.  Advocate level requires proof of lead counsel experience in at least 50 jury trials.

Member, International Association of Defense Counsel, an invitation only international organization of lawyers primarily engaged in the defense of civil litigation.

Distinguished Pro Bono Fellow of the American College of Trial Lawyers, a designation for "Significant Commitment to Access to Justice", for work in facilitating free legal services to veterans and active duty service personnel.

2019 Presidents Award from the Kansas City Metropolitan Bar Foundation for outstanding contribution to the Foundations Military Matters program, providing pro bono legal services to veterans and active duty service personnel.

AV Preeminent rating from Martindale Hubbell, representing the highest possible rating earned through a confidential peer review rating process.

Past President, Missouri Organization of Defense Lawyers

Past President, American Board of Trial Advocates, Western Missouri/Eastern Kansas Chapter

**LIST OF EXHIBITS**

1. LIST OF MATERIALS PROVIDED
2. GIBSON ATTORNEYS TABLE
3. ATTORNEY PROFILES
4. ABA MODEL RULE 1.5
5. NEW MEXICO RULE 16-105
6. STATE BAR OF CALIFORNIA RULE 4-200
7. FMCSA DATA FOR NEW PRIME INC.
8. NEW MEXICO FEE DATA
9. CALIFORNIA FEE DATA
10. ARIZONA FEE DATA
11. COLORADO FEE DATA
12. MODRALL/RODEY FEE DATA

#30189695.v1

# EXHIBIT 1

Case 6:22-cv-03037-MDH     Document 112-1     Filed 12/01/23     Page 18 of 118

**LIST OF MATERIALS REVIEWED**

1. PLAINTIFFS COMPLAINT
2. ANSWER OF NEW PRIME, INC.
3. REPORT OF GARY GREENFIELD
4. ATTACHMENTS TO GREENFIELD REPORT
5. GIBSON DUNN & CRUTCHER WEBSITE
6. ATTORNEY INTERNET PROFILES
7. FMCSA DATA
8. MODRALL/RODEY RATE INFORMATION
9. ABA MODEL RULE 1.5
10. NEW MEXICO 16-105
11. STATE BAR OF CALIFORNIA RULE 4-200
12. ALAN GRAY LLC LEGAL AUDIT REPORT
13. CLIO DATA ON ATTORNEYS FEES

#30189694_v1

# EXHIBIT 2

| ATTORNEY | HOURS | PERCENT | FEES | EXPERTISE |
|---|---|---|---|---|
| Galler, Kirsten | 1,451 | 14% | 1,199,809 | Litigation; class actions, securities litigation Transnational litigation, Foreign Judgments |
| Lee, Michael | 808 | 12% | 951,123 | Litigation; Transnational Litigation, Foreign Judgments |
| Eisenberg, Samuel | 607 | 11% | 661,325 | First year associate, Gibson 2016-19 |
| Bracht, Jennifer | 814 | 8% | 494,963 | Litigation; Antitrust and Competition, Class Actions Environmental Litigation and Mass Tort Insurance and Reinsurance, Labor and Employment Law Firm defense, Media, Entertainment and Tech |
| Dusseault, Chris | 676 | 7% | 738,668 | Antitrust and Competition, Appellate and Constitutional law Class Actions, Crisis Management, Life Sciences Litigation, Media, Entertainment and Technology |
| Johnson, Ashley | 590 | 6% | 482,792 | Litigation; Antitrust and Competition Appellate and Constitutional Law Labor and Employment |
| Lin, Marysa | 581 | 6% | 378,736 | 4 year associate, 2/18 to NBC Universal Media |
| Gomez, Ronald | 444 | 4% | 299,633 | Employment, Intellectual Property, Contract Disputes Securities |
| Ray, Collin | 407 | 4% | 241, 388 | Litigation; Class Actions, Energy, Regulation and Development International Arbitration, Labor and Employment Oil and gas |
| Bu, Lily | 390 | 4% | 252, 720 | Litigation; Mass Tort Litigation, Class Action Plaintiffs |
| Maryott, Michele | 340 | 3% | 380,846 | Litigation; Class Actions, Energy, Regulation and Development |

| | | | | International Arbitration, Labor and Employment |
|---|---|---|---|---|
| | | | | |
| Dygert, Natalie | 293 | 3% | 153, 855 | Antitrust and Competition, Class Actions |
| | | | | Labor and employment |
| | | | | |
| Doren, Richard | 218 | 2% | 260,766 | Litigation; Antitrust and Competition, Class Actions |
| | | | | FDA and Health Care, Insurance and Reinsurance |
| | | 84% | | |

**EXHIBIT 3**

# GIBSON DUNN



## Christopher D. Dusseault

Partner

**CONTACT INFO**

---

cdusseault@gibsondunn.com

TEL: +1 213.229.7855

FAX: +1 213.229.6855

Los Angeles

333 South Grand Avenue, Los Angeles, CA 90071-3197 USA

**PRACTICE**

---

| Antitrust and Competition | Appellate and Constitutional Law |
|---|---|

| Class Actions | Crisis Management | Life Sciences |
|---|---|---|

| Litigation | Media, Entertainment and Technology |
|---|---|

**BIOGRAPHY**

---

Christopher D. Dusseault is a partner in the Los Angeles office of Gibson, Dunn & Crutcher. He is a member of the firm's Litigation Department and its Antitrust and Competition, Class Action and Life Sciences practice groups, and previously served as Partner-In-Charge of the Los Angeles and Century City offices.

Mr. Dusseault is an experienced trial and appellate lawyer whose practice focuses on antitrust and other complex commercial litigation. He has tried cases in federal and state courts and before arbitration panels, and has argued appeals before the Ninth Circuit, Seventh Circuit, and California Court of Appeal. Mr. Dusseault has represented clients in a wide range of industries, including medical devices, pharmaceuticals, higher education, entertainment and transportation. He has handled antitrust cases including claims of conspiracy, monopolization, exclusive dealing, and secret rebates. His complex commercial litigation cases have included claims of breach of contract, fraud, wrongful death and patent and trademark infringement. In addition to his business litigation, Mr. Dusseault helped lead the trial team that challenged and overturned California's prohibition of same-sex marriage, Proposition 8, in *Hollingsworth v. Perry*.

Mr. Dusseault led Gibson Dunn's Los Angeles and Century City Offices of Gibson Dunn from 2009-2013. He was named one of California's "Top 20 Under 40" by the legal publication Daily Journal in 2010, and received Duke Law School's "Young Alumni Award" for distinguished service to the legal profession and the school in 2009.

Mr. Dusseault is actively involved in the community. Mr. Dusseault currently serves on the Board of Visitors of Duke Law School. He also serves on the Governing Board of LA's BEST, a nationally recognized after school program serving more than 20,000 children in neighborhoods of Los Angeles most vulnerable to gangs, drugs and crime. Mr. Dusseault served as Chair of the LA's BEST Governing Board from 2014-2021, and in 2022 was awarded LA's BEST's Children's Champion Award for his years of service to the Children of Los Angeles.

Mr. Dusseault's representative matters include the following:

**Antitrust Matters**

- Lead counsel for **Duke University** in an antitrust class action lawsuit (pending) in which plaintiffs allege that 17 private universities conspired to limit the amount of financial aid available to students in violation of Section 1 of the Sherman Act.

- Representation of **Merck & Co., Inc.** in an antitrust MDL proceeding and class action (pending) in which plaintiffs allege an unlawful agreement and conspiracy to delay generic competition in violation of Sections 1 and 2 of the Sherman Act and various state laws

- Lead counsel for **Covidien** in a consolidated antitrust class action in which purchasers of pulse oximetry products challenged Covidien's use of loyalty discounts, sole-source contracts and product design changes under Sections 1 and 2 of the Sherman Act. Dusseault led a team that first defeated class certification and then won summary judgment on all claims. The victory was affirmed by the United States Court of Appeals for the Ninth Circuit.

- Representation of **CFM International, Inc.** in an antitrust case under Section 1 of the Sherman Act in which plaintiff challenged defendants' decision not to sell aircraft engines to plaintiff for use in the re-engining of 727 aircraft. After securing dismissal of plaintiff's claims on a motion

for summary judgment, Mr. Dusseault successfully argued the appeal before the United States Court of Appeals for the Ninth Circuit.

- Lead counsel for **Santa Catalina Island Company** in an antitrust case alleging exclusive dealing and monopolization in violation of Sections 1 and 2 of the Sherman Act with respect to freight access to Catalina Island. Gibson Dunn won dismissal of antitrust claims on a motion to dismiss based on lack of antitrust injury, and that victory was affirmed on appeal by the United States Court of Appeals for the Ninth Circuit.

- Lead Counsel for **Leonard Green & Partners** in a case in the Southern District of New York in which plaintiff X One X Movie Archives accused LGP and one of its portfolio companies of attempting to monopolize the market for Marilyn Monroe-related products in violation of Section 2 of the Sherman Act. Dusseault led a team that won dismissal of all claims against LGP.

- Representation of **Columbia Tri-Star Home Entertainment,** Inc. in an antitrust case in which independent video retailers challenged as anticompetitive the revenue-sharing model by which videotapes are distributed to the major video chains such as Blockbuster and Hollywood Video. Columbia and the other defendants obtained partial summary judgment, winning dismissal of plaintiffs' claims that the defendants conspired to deny to plaintiffs the revenue-sharing terms made available to Blockbuster.

- Representation of **American Airlines** in a major predatory pricing and monopolization case brought by the United States Department of Justice. In this highly publicized case, the DOJ accused American Airlines of monopolizing certain routes into and out of DFW Airport. Dusseault was part of a Gibson Dunn team that won summary judgment for American on all claims. The United States Court of Appeals for the Tenth Circuit affirmed.

### Complex Civil Litigation Matters

- Lead counsel for **NFI** in a lawsuit (pending) brought by the Los Angeles City Attorney's Office alleging misclassification of truck drivers as independent contractors and involving complex issues regarding the preemption of worker classification law AB5.

- Representation of **ev3,** a subsidiary of **Medtronic,** in successful appeal of a $250 million jury verdict arising from ev3's acquisition of medical device company Appriva and its PLAATO stroke prevention device. After winning unanimous reversal of the jury's verdict before the Delaware Supreme Court, Mr. Dusseault was retained to serve as lead trial counsel in the retrial of plaintiffs' breach of contract claims in Delaware Superior Court. The case settled shortly before retrial.

- Representation of two trucking companies in wrongful death actions arising out of collisions with long haul trucks. In each case Plaintiffs sought to recover in excess of $150 million in damages.

- Lead counsel for **Panda Restaurant Group** in lawsuit alleging fraud, conspiracy and fraudulent transfer in connection with a former business partnership. Dusseault led a team that won the dismissal of all claims, persuading the U.S. District Court for the Northern District of Illinois that the causes of action were previously-released shareholder derivative claims. Mr. Dusseault successfully argued the case on appeal before the United States Court of Appeals for the Seventh Circuit.

- Lead counsel for **Medtronic** subsidiaries **TSL** and **Sofradim** in litigation of claims for indemnification and declaratory relief against C.R. Bard arising out of more than 11,000 pelvic mesh product liability cases. The dispute was part of a 70,000 case pelvic mesh MDL in the Southern District of West Virginia. Dusseault also served as lead counsel in related actions between the same parties in London, Atlanta and New Jersey.

- Representation of **VOOM HD Holdings** in a four-week jury trial in which VOOM sued Dish Network for wrongfully terminating a long-term television programming distribution contract. Dusseault served as one of the principal trial lawyers in this highly-publicized case in New York Supreme Court in September/October 2012. The trial ended in a lucrative settlement in which Voom received more than $700 million in cash and a valuable distribution agreement.

- Lead counsel for **Co-CEOs of algorithmic trading company** in arbitration of claims alleging breach of contract and breach of fiduciary duty. Dusseault first-chaired a five-day arbitration after which the arbitrator ruled in favor of Gibson, Dunn's clients on all claims, denied all requested relief, and awarded them $3 million in attorneys' fees and costs.

**Civil Rights Matters**

- Representation of plaintiffs **Kris Perry, Sandy Stier, Paul Katami and Jeff Zarrillo** in *Hollingsworth v. Perry*, the lawsuit that successfully challenged Proposition 8, California's ban on same-sex marriages. Dusseault was one of the principal trial lawyers during the three-week bench trial that resulted in a finding that Proposition 8 violated the Due Process and Equal Protection Clauses of the Fourteenth Amendment and an injunction barring enforcement of Proposition 8. In June 2013, the United States Supreme Court upheld the district court's decision and permanently restored marriage equality in California.

Mr. Dusseault received his B.A. degree *summa cum laude* from Yale University in 1991. He received his J.D. degree with high honors from Duke University School of Law in 1994, where he was Special Projects and Notes Editor of *Law and Contemporary Problems* and Vice-Chairman of the Moot Court Board. Prior to joining the firm, Mr. Dusseault served as law clerk to The Honorable Robert E. Payne in the United States District Court for the Eastern District of Virginia.

## EDUCATION

Duke University - 1994 Juris Doctor

Yale University - 1991 Bachelor of Arts

## ADMISSIONS

California Bar

# GIBSON DUNN



Jennifer K. Bracht

Associate Attorney

**CONTACT INFO**

jbracht@gibsondunn.com

TEL: +1 303.298.5737

FAX: +1 303.313.2848

Denver

1801 California Street, Suite 4200, Denver, CO 80202-2642 USA

**PRACTICE**

| Litigation | Antitrust and Competition | Class Actions |

| Environmental Litigation and Mass Tort |

| Insurance and Reinsurance | Labor and Employment |

| Law Firm Defense | Media, Entertainment and Technology |

# BIOGRAPHY

Jennifer Bracht is an associate in the Denver office of Gibson, Dunn & Crutcher. She practices with the firm's Litigation Department.

Ms. Bracht has a wide range of experience in several areas of law implicating different industries, legal issues, and factual scenarios. Her specialty is being able to dive into any case and make a meaningful impact in whatever stage the case is in, particularly with respect to complex discovery, pre-trial, and trial. She has played a leading role in all stages of litigation and has been a key team member in multiple trials and final hearings.

Recent representative matters include:

- Represented leading technology company in high-profile antitrust lawsuit that went to a bench trial in the Northern District of California in 2021 only nine months after filing. Lead member of discovery team that handled complex e-discovery issues and key member of trial team, including second-chairing witness exams. Currently representing the company in a related class action pending in California state court and another lawsuit alleging various state court claims, including false advertising and unfair competition.

- Represents aerospace company in various class action lawsuits alleging negligence in connection with the 2018 Woolsey Fire. Lead associate on defensive discovery efforts, including all responses, document productions, and meet and confers, and managing multiple expert workstreams.

- Represents health insurer in arbitration where provider alleges underpayment of claims. Lead counsel for day-to-day case management and overall case strategy.

- Represents leading e-commerce company in a class action wage and hour lawsuit in California.

- Represents law firm against claims that it aided and abetted an accounting firm's use of illegal tax shelters for its clients over two decades ago. Involved in drafting a motion for summary judgment that was granted in one matter and motions to dismiss that were granted in two others. All decisions are currently on appeal.

- Represented technology company in responding to various European Commission antitrust investigations.

- Represented software company in two-week arbitration in 2019 regarding contract dispute, including second-chairing witness exams, working with experts, and developing opening statement and closing argument.

- Represented utility company in disputes with two transit agencies regarding payment for relocation of utility pipelines due to transportation projects. Analyzed complex factual issues regarding property ownership and heavily involved in drafting various briefs at both the trial court level and on appeal. In one matter, the California Supreme Court recently denied the transit agency's request for certiorari, resulting in a full win for the utility company.

- Represented health insurer against claims for breach of contract, fraud, insurance bad faith, and RICO in the Central District of California, including drafting a motion to dismiss that was

granted in full.

- Represented telecommunications company in lawsuit alleging various causes of action related to alleged theft of cryptocurrency, including drafting motion to dismiss.
- Represented commercial trucking company in wrongful death lawsuit in New Mexico state court in 2017. Led discovery efforts, including defending depositions of individual and corporate witnesses and managing all aspects of written discovery and document productions.
- Represented telecommunications company in breach-of-contract lawsuit involving carriage of independent networks on television.
- Represented health insurer in a four-week jury trial in California state court in 2016, resulting in the jury awarding the insurer $37.4 million against a group of 10 defendants—individuals and surgery centers—who had conspired to create and run a sophisticated insurance fraud scheme.
- Represented technology company in various contract disputes with licensors. Drafted various dispositive motions, including oppositions to anti-SLAPP motions and demurrers.

Ms. Bracht also maintains an active pro bono practice, including the following matters:

- Traveled to Kenya with Lawyers Without Borders to train 120 Kenyan advocates and judges on the best ways to successfully bring to trial claims under Kenya's Wildlife Conservation and Management Act. Recipient of the firm's "Most Inspiring Pro Bono Project" award in 2015.
- Represented non-profit preschool for children with disabilities against claims of employment discrimination.
- Represents two minors from El Salvador in removal proceedings, including appearances in state court where two different judges issued orders making Special Immigrant Juvenile Status findings.

Ms. Bracht received her law degree from the University of California, Los Angeles, where she was elected to the Order of the Coif. While in law school, Ms. Bracht was an articles editor for the *UCLA Entertainment Law Review*, a writing advisor in the Lawyering Skills program, and a 2L Representative of the Student Bar Association. She also served as an extern for Presiding Justice Dennis Perluss of Division Seven of the Second District of the California Court of Appeal. Ms. Bracht graduated *cum laude* in 2008 from the Leonard N. Stern School of Business at New York University with a Bachelor of Science degree in Marketing and Management.

Ms. Bracht is admitted to practice law in the State of California, the Central and Northern Districts of California, and the State of Colorado.

**EDUCATION**

University of California - Los Angeles - 2014 Juris Doctor

New York University - 2008 Bachelor of Science

**ADMISSIONS**

California Bar

Colorado Bar

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 31 of 118

# GIBSON DUNN



Ashley E. Johnson

Partner

## CONTACT INFO

ajohnson@gibsondunn.com

TEL: +1 214.698.3111

FAX: +1 214.571.2949

Dallas

2001 Ross Avenue, Suite 2100, Dallas, TX 75201 USA

## PRACTICE

| Litigation | Antitrust and Competition |
| --- | --- |
| Appellate and Constitutional Law | Labor and Employment |

## BIOGRAPHY

Ashley E. Johnson is a partner in the Dallas office of Gibson, Dunn & Crutcher. She practices in the firm's Labor and Employment, Appellate and Constitutional Law, Litigation, and Antitrust and Competition practice groups.

Ms. Johnson has a wide-ranging commercial dispute practice in trial and appellate courts across Texas and around the country. She focuses her practice at both the trial and appellate level on the legal strategy, briefing, and argument of complex legal issues across an array of subjects, particularly including ERISA disputes (primarily class actions), cutting-edge antitrust questions, class certification motions, and constitutional issues. She works with her clients on crafting the most persuasive written presentation on their most critically important and complicated briefs and on communicating those arguments to courts in oral hearings. A former Supreme Court clerk, Ms. Johnson has argued in the United Courts of Appeals for the Fifth, Seventh, and Ninth Circuits, as well as multiple Texas appellate courts. In addition, she has briefed a diverse set of cases in the United States Supreme Court, including high-profile victories in *Murphy v. National Collegiate Athletic Association* (U.S. 2018), *Bank Markazi v. Peteson* (U.S. 2016), and *Black v. United States* (U.S. 2011).

### Representative Experience

### Appellate

- *Brackeen v. Haaland* (U.S. 2022) – Representing Brackeen family in currently pending Supreme Court litigation addressing constitutionality of the Indian Child Welfare Act.

- ERISA appeals (2022) – Lead counsel in multiple ERISA class action appeals in United States Courts of Appeals for Second and Ninth Circuits. Currently ongoing.

- *City of Dallas v. Oxley Leasing North Loop, LLC* (Tex. App.—Dallas 2021) – Lead counsel on appeal in successful defense of trial court's denial of City's plea to the jurisdiction.

- *In the Interest of Y.J., a Child* (Tex. App.—Fort Worth 2019) – Lead counsel on appeal; obtained court of appeals reversal of court's order naming joint managing conservators in Indian Child Welfare Act dispute.

- *Sureshot Golf Ventures, Inc. v. Topgolf International, Inc.* (5th Cir. 2018) – Lead counsel on appeal; obtained unanimous decision affirming district court's opinion dismissing antitrust suit.

- *Murphy v. National Collegiate Athletic Ass'n* (U.S. 2018) – Successfully represented New Jersey state officials before the United States Supreme Court with respect to the applicability, construction, and constitutionality of the Professional and Amateur Sports Protection Act ("PASPA"), overturning an adverse Third Circuit *en banc*

- *Sause v. Bauer* (U.S. 2018) – Briefed before the Supreme Court constitutional claims dismissed by the lower courts. Obtained *per curiam* decision reversing the decision of the Tenth Circuit.

- *United States v. Ogoke* (7th Cir. 2017) – Lead counsel in support of the district court criminal contempt decision. Obtained unanimous decision affirming the district court.

- *United States v. Poff* (9th Cir. 2017) – Lead counsel seeking to overturn district court decision regarding seizure of disabled veteran benefits. After successfully obtaining a vacatur and remand from the Supreme Court, reached favorable settlement.

- *Bank Markazi v. Peterson* (U.S. 2016) – Represented victims of the 1983 Beirut Marine Corps Barracks Bombing who hold judgments against the government of Iran. Persuaded the Supreme Court to reject arguments from Iran's central bank that Congress impermissibly invaded the province of the Judicial Branch by authorizing victims of terrorism to seize certain assets.

- *Opulent Life Church v. City of Holly Springs* (5th Cir. 2012) – Argued before the Fifth Circuit and secured unanimous published decision in statutory and constitutional challenge to religious discrimination.

- *In re Chevron Corp.* (3d Cir. 2011); *Ecuadorian Plaintiffs v. Chevron Corp. v. 3TM Int'l, Inc.* (5th Cir. 2010) – Secured unanimous, favorable decisions permitting discovery under 28 U.S.C. § 1782.

- *Black v. United States* (U.S. 2010) – Represented Conrad M. Black in securing review in the United States Supreme Court and reversal of multiple convictions for mail and wire fraud through a deprivation of "honest services."

### Trial Courts/Arbitration

- Lead counsel in ERISA class action for major telecommunications company (ongoing)

- Representation of Merck & Co, Inc., in major ongoing antitrust class action alleging an unlawful "reverse payment" (ongoing)

- Co-lead counsel for a global telecommunications company in a Fair Labor Standards Act case during one of the first civil in-person jury trials in federal court during the COVID pandemic. Obtained a full and nearly immediate defense verdict. (2020)

- Member of the trial team successfully defending telecommunications company against breach of contract claims at a seven-day arbitration (2018)

- Member of the trial team defending construction and engineering firms against claims arising out of the construction of the largest oil refinery in America. Following a month-long arbitration in Houston, the claimants were awarded nothing. (2016)

- Lead counsel for pharmaceutical company defending against fraud and contract claims in United States District Court for the Southern District of Texas. Resolved by settlement. (2016)

- Lead counsel for energy company prosecuting quiet title action in United States District Court for the Northern District of West Virginia. Resolved by settlement. (2016)

- Member of the trial team defending Delta Air Lines in its action seeking to enjoin the City of Dallas and Southwest Airlines from evicting it from flying out of Love Field in Dallas. After a three-day hearing in the United States District Court for the Northern District of Texas, obtained a preliminary injunction prohibiting Delta's eviction. (2015)

Prior to joining Gibson Dunn, Ms. Johnson served as a law clerk to Justice Clarence Thomas of the Supreme Court of the United States, and to Judge J. Michael Luttig, formerly of the United States Court of Appeals for the Fourth Circuit. Ms. Johnson earned her law degree in 2004 from Vanderbilt University Law School, where she was a John W. Wade Scholar and Editor-in-Chief of the *Vanderbilt Law Review*. Ms. Johnson was awarded the Archie B. Martin Memorial Prize and the Robert F.

Jackson Memorial Prize for placing first in her class in her first and second years of study. She was also elected to Order of the Coif. Ms. Johnson graduated from Vanderbilt University with a Bachelor of Science Degree in Mathematics and History while earning membership in Phi Beta Kappa.

Ms. Johnson is also actively involved in alumni activities at Vanderbilt University Law School, where she is a member of the *Vanderbilt Law Review* Alumni Board of Advisors. She has spoken through the Branstetter Litigation and Dispute Resolution Program at Vanderbilt regarding the practice of appellate law and brought Supreme Court Justice Clarence Thomas to Vanderbilt to deliver the 2014 Cecil Sims Lecture.

Ms. Johnson is admitted to practice in Texas and North Carolina. She is also admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Third, Fourth, Fifth, Sixth, Seventh, and Ninth Circuits, and the United States District Courts for the Southern and Northern Districts of Texas.

## EDUCATION

Vanderbilt University - 2004 Juris Doctor

Vanderbilt University - 2001 Bachelor of Arts

## ADMISSIONS

North Carolina Bar

Texas Bar

# GIBSON DUNN



Collin D. Ray

Associate Attorney

## CONTACT INFO

cdray@gibsondunn.com

TEL: +1 214.698.3174

FAX: +1 214.571.2943

Dallas

2001 Ross Avenue, Suite 2100, Dallas, TX 75201 USA

## PRACTICE

| Litigation | Class Actions | Energy |

| Energy, Regulation and Litigation | International Arbitration |

| Labor and Employment | Oil and Gas |

## BIOGRAPHY

Collin Ray is an associate in the Dallas office of Gibson Dunn & Crutcher LLP. He currently practices in the firm's Litigation Practice Group.

Prior to joining Gibson Dunn, Mr. Ray served as a law clerk to the Honorable Robert L. Pitman of the United States District Court for the Western District of Texas.

Collin has been recognized by *The Best Lawyers in America©* as "Ones to Watch" in Commercial Litigation (2022).

Mr. Ray graduated with honors from the University of Michigan Law School in 2014. While in law school, Mr. Ray was an Executive Editor of the *Michigan Law Review* and participated in the Federal Appellate Litigation Clinic, where he briefed and argued a case before the United States Court of Appeals for the Sixth Circuit. He also served as a judicial intern for the Honorable Myron Thompson of the United States District Court for the Middle District of Alabama. In 2011, Mr. Ray received his Bachelor of Arts in Philosophy and Political Science from Auburn University, where he was elected to Phi Beta Kappa.

Mr. Ray is a member of the State Bar of Texas. He is also admitted to practice before the United States District Court for the Western District of Texas.

## EDUCATION

University of Michigan - 2014 Juris Doctor

Auburn University - 2011 Bachelor of Arts

## ADMISSIONS

Texas Bar

# GIBSON DUNN



## Michele L. Maryott

Partner

**CONTACT INFO**

mmaryott@gibsondunn.com

TEL: +1 949.451.3945

FAX: +1 949.475.4668

Orange County

3161 Michelson Drive, Irvine, CA 92612-4412 USA

**PRACTICE**

| Litigation | Class Actions | Global Trial |
| --- | --- | --- |

| Labor and Employment |
| --- |

**BIOGRAPHY**

Michele L. Maryott is Partner in Charge of Gibson, Dunn & Crutcher's Orange County office. She is a member of the firm's Litigation Department and its Labor and Employment and Class Actions Practice Groups.

Ms. Maryott's practice focuses on business litigation, with particular emphasis on employment litigation, class actions and complex commercial disputes. She has litigated a wide range of labor and employment matters, including defending employers against wage and hour and discrimination class actions, and retaliation, sexual harassment, wrongful termination and whistleblower claims in federal and state courts, as well as in administrative proceedings and arbitrations. Her recent successes include defeating certification of a putative class of more than 70,000 employees in a wage and hour class action brought against a major healthcare company, which was unanimously affirmed by the California Court of Appeal in a published opinion.

In addition to handling employment matters, Ms. Maryott also represents clients in a wide variety of commercial litigation, including consumer class actions and other disputes involving environmental and toxic torts, acquisition-related disputes, unfair business practices and business torts. As trial counsel, Ms. Maryott has obtained numerous defense verdicts as well as multi-million dollar awards on behalf of clients in a variety of industries.

Ms. Maryott joined the firm after earning her law degree *summa cum laude* from Pepperdine University School of Law, where she served as Editor in Chief of the *Pepperdine Law Review*. She graduated *summa cum laude* from Westfield State College in 1994, with a bachelor of science degree in business administration and mass communication. Ms. Maryott is currently a member of the Board of Advisors of Pepperdine University School of Law and also serves on the Board of Directors of the Orange County Chapter of the Association of Business Trial Attorneys. She has also served as a volunteer deputy district attorney for the County of Orange, representing the People in multiple trials and other criminal proceedings.

### EDUCATION

Pepperdine University - 1997 Juris Doctor

Westfield State University - 1994 Bachelor of Science

### ADMISSIONS

California Bar

# GIBSON DUNN



**Natalie D. Dygert**

Associate Attorney

## CONTACT INFO

ndygert@gibsondunn.com

TEL: +1 949.451.4324

FAX: +1 949.475.4734

Orange County
3161 Michelson Drive, Irvine, CA 92612-4412 USA

## PRACTICE

| Antitrust and Competition | Class Actions |

| Labor and Employment |

## BIOGRAPHY

Natalie Dygert is an associate in the Orange County office of Gibson Dunn. She is a member of the firm's Litigation Department, and practices in the firm's Class Actions, Antitrust & Competition, and Labor & Employment practice groups. Ms. Dygert represents clients in a wide range of high-stakes complex commercial cases, with an emphasis on pharmaceutical antitrust and competition, intellectual property, and employment matters.

Ms. Dygert recently rejoined the firm after serving as a law clerk to the Honorable Percy Anderson of the United States District Court for the Central District of California. Ms. Dygert graduated from UCLA, where she was a member of the Moot Court Honors Board. She holds a bachelor of Arts degree in Psychology and Criminology from the University of California, Irvine.

## EDUCATION

University of California - Los Angeles - 2015 Juris Doctor

University of California - Irvine - 2010 Bachelor of Arts

## ADMISSIONS

California Bar

# GIBSON DUNN



Richard J. Doren

Partner

## CONTACT INFO

rdoren@gibsondunn.com

TEL: +1 213.229.7038

FAX: +1 213.229.6038

Los Angeles

333 South Grand Avenue, Los Angeles, CA 90071-3197 USA

## PRACTICE

| Litigation | Antitrust and Competition | Class Actions |

| FDA and Health Care | Insurance and Reinsurance |

## BIOGRAPHY

Richard J. Doren is a partner in Gibson, Dunn & Crutcher's Los Angeles office and a member of the firm's Executive Committee. Mr. Doren has extensive experience in complex civil litigation across a variety of practice areas. He has tried cases in state and federal courts around the country and has argued appeals in numerous appellate courts.

*The National Law Journal* named Mr. Doren as one of the 20 lawyers featured in its 2017 special report on Winning Litigators who "scored big victories for their clients in high-stakes cases" following a trial victory for his client. *Daily Journal* named Mr. Doren as one of California's Top 100 Lawyers in 2019. And *American Lawyer* named Mr. Doren one of its Litigators of the Week in September 2021 for his work as lead trial counsel for Apple in the Epic v. Apple trial. Doren has successfully tried cases involving many different substantive areas, including antitrust, unfair competition, breach of contract, healthcare fraud, false advertising, wrongful death, partnership disputes, insurance coverage, and wrongful termination, among others. Recent representative matters include:

- Lead trial counsel for Apple in a three-week bench trial in May 2021, in the United States District Court for the Northern District of California, defending against state and federal antitrust claims brought by Epic Games, Inc. In September 2021, Judge Yvonne Gonzalez Rogers issued a ruling in which she ruled in favor of Apple on all of Epic's antitrust claims. The case was referred to in the press as "the Super Bowl of Antitrust," it was recognized by *Daily Journal* as one of the Top Verdicts of 2021, by *Global Competition Review* as the antitrust Matter of the Year, and by *Benchmark Litigation* as an Impact Case of the Year.

- Lead trial counsel for in jury trial in 2019 for several of Apple's contract manufacturers in the United States District Court for the Southern District of California in which Mr. Doren's clients pressed antitrust claims against Qualcomm based on its business practices in the sale of cellular chips and chipsets. The case settled after a jury had been selected and opening statements delivered.

- Lead trial counsel for Netlist in a November 2021 jury trial in the United States District Court for the Central District of California in which Netlist sued Samsung for breach of a license agreement and supply contract. Following an award of nominal damages by the jury, judgment was entered in favor of Netlist.

- A four-week jury trial in Santa Clara County Superior Court in which Mr. Doren's client, a health insurer and plan administrator, asserted seven different tort claims involving billing fraud against nine defendants involved in the operation of ambulatory surgery centers. In April 2016, the jury rendered a verdict of $37.5 million in favor of Mr. Doren's client, awarding every dollar Mr. Doren sought on each cause of action. In lieu of an appeal, the matter has since settled for more than $40 million.

- An arbitration in Spring 2017 in West Virginia before three sitting state court judges over a $120 million dispute between an out-of-state insurer and the state's teachers' retirement plan over the state's right to terminate an annuity contract and reinvest the funds in alternative investments. Following the presentation of dozens of witnesses and hundreds of exhibits, Mr. Doren secured a unanimous decision from the panel for his client, with the three state court judges finding that the insurer had acted properly and owed the retirement plan nothing.

- A bench trial in the Southern District of Florida involving 69 consolidated lawsuits brought by family members of individuals killed in an aircraft accident in Milan, Italy. Plaintiffs collectively sought hundreds of millions of dollars in damages. Three days into the proceedings, the Court

requested that Mr. Doren's client renew its motion to dismiss on *forum non conveniens* grounds and subsequently dismissed the lawsuit.

- A bench trial in bankruptcy court in Corpus Christi, Texas, addressing the value of a 249,000 acre redwood forest and a company town in Northern California. Over the course of the three-week trial, Mr. Doren convinced the court that the forest had a value over $100 million greater than that being asserted by the creditors.

- A three-week jury trial in Los Angeles Superior Court involving an insurance coverage dispute related to environmental exposures, bad faith claims, and a prayer for punitive damages. Doren obtained a defense verdict.

- A jury trial in the United States District Court for the Central District of California addressing a false advertising dispute between two consumer goods companies that competed in the diaper pail market. Doren was retained after an initial verdict against his client. In the months ahead, he had the initial judgment vacated, prepared the case for retrial and, early in the retrial, obtained a ruling excluding all of plaintiff's evidence of damages, which led to entry of judgment in his client's favor. He also handled the subsequent appeal, in which the Ninth Circuit unanimously affirmed the trial court's judgment.

Mr. Doren has also represented clients in dozens of class actions, many of which included antitrust claims. Two examples include MDL 1334, *In re Managed Care* and MDL 2020, *In re Aetna UCR Litigation.*

He graduated from the University of California at Los Angeles in 1982 and received his law degree from the University of San Diego in 1986, where he was Editor-in-Chief of the *Law Review* and graduated *cum laude.*

## EDUCATION

University of San Diego - 1986 Juris Doctor

University of California - Los Angeles - 1982
Bachelor of Arts

## ADMISSIONS

California Bar

× ▷

| | |
|---|---|
| Law Firm: | **Gibson, Dunn & Crutcher LLP** |
| Lawyer: | **Kirsten Galler** |
| Phone: | 213-229-7681 |
| Fax: | 213-229-6681 |
| Lawyer Title: | Associate Attorney |
| Practice Areas: | Litigation; Class Actions; Securities Litigation; Transnational Litigation and Foreign Judgments |
| Bio: | |
| Admitted: | 2003, California; 2007, District of Columbia |
| College: | University of California - Santa Barbara, Bachelor of Arts, with high honors, 2000 |
| Law School: | University of California at Berkeley Boalt Hall School of Law, Juris Doctor, 2003 |
| Membership: | |
| Web: | http://www.gibsondunn.com |
| Languages: | English |

Lawyer Kirsten Galler, graduated from University of California - Santa Barbara, Bachelor of Arts, with high honors, 2000 University of California at Berkeley Boalt Hall School of Law, Juris Doctor, 2003, is now employed by Gibson, Dunn & Crutcher LLP at 333 South Grand Avenue Los Angeles, CA 90071.Kirsten Galler is one of the more than one million lawyers in United States. Before choosing Kirsten Galler as your lawyer, you should consider whether Kirsten Galler offers free consultation, (if not) how much the initial interview costs, if there is any hidden attorney fees, what's the fee schedule, whether he or she has good community reputation and is able to provide a list of good references. You can also contact the Board of Professional Responsibility of the state bar, to find out if Kirsten Galler has ever been placed under any disciplinary actions. Please be aware that, though Kirsten Galler's office is located at Los Angeles, CA, he or she might belong to the bar association of other states.

You should also ask how long the lawyer has been in practice, how much experience he or she has in cases like yours, and more importantly, the outcomes of those cases! Focus of the lawyer's practice and years of experience are also very

# LAWYERDB.com

Home > California Lawyers > Los ⋯ & Crutcher LLP



## Top Reviews

Divorce, Custody, Child Support, Paternity Modifica Free Consulta

Law Offic L Minor

Open

Open

**Kirsten Galler, Associate Attorney Attorney**

Litigation; Class Actions; Securities Litigation; Transnational Litigation and Foreign Judgments

Phone:213-229-7681

Web:http://www.gibsondunn.com

Address: 333 South Grand Avenue, Los Angeles, CA 90071

**Profile**    Lawyers Nearby    Customer Reviews

# Finalize Your Divorce

      


# Marysa Lin · 3rd

Senior Litigation Counsel at NBCUniversal Media, LLC

-  NBCUniversal Media, LLC

-  University of Southern California Law School

Los Angeles, California, United States · Contact info

500+ connections

**🔒 Message**    **+ Follow**    **More**

## Activity
611 followers

Marysa Lin posted this · 1mo

NBCU's Litigation group is looking for a 2023 law clerk!

 **Litigation Clerk**
Job by NBCUniversal
New York City Metropolitan Area (Hybrid)

🔗 28

Show all activity →

## Experience

 **NBCUniversal Media, LLC**
5 yrs

    **Senior Litigation Counsel**
    Dec 2020 - Present · 2 yrs 2 mos
    Los Angeles, California, United States

    **Litigation Counsel**
    Feb 2018 - Dec 2020 · 2 yrs 11 mos
    Los Angeles, California

 **Associate**
Gibson, Dunn & Crutcher LLP
Oct 2013 - Feb 2018 · 4 yrs 5 mos
Greater Los Angeles Area

 **Summer Associate**
Gibson, Dunn & Crutcher LLP
2012 · Less than a year

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 47 of 118



**Summer Associate**
Irell & Manella
Jun 2011 - Aug 2011 · 3 mos

## Education



**USC Gould School of Law**
JD, Law
2010 - 2013

Activities and societies: Executive Senior Editor - Southern California Law Review, President (2011-2012) - Street Law, Social Chair (2011-2012) - APALSA

  **Tufts University**
BA, International Relations, Community Health
2006 - 2010

Activities and societies: Dean's List, Pi Sigma Alpha, Tufts Observer, Perspectives- Ex College, LIFT-Somerville

## Interests

Companies    Schools

 **NBCUniversal**
880,377 followers

( + Follow )

**Irell & Manella LLP**
2,583 followers

( + Follow )

Show all 5 companies →

Ad ···

joseph, unlock your full potential with LinkedIn Premium

 

See the full list of who's viewed your profile

( Try 1 month free )

## People also viewed

 **Kimberly Fischman** · 3rd
Senior Litigation Counsel at NBCUniversal Media, LLC

 ( 🔒 Message )

 **Dino Bovell** · 3rd
Director, Business Affairs, TV & Streaming at NBCUniversal

 ( 🔒 Message )

 **Shannon Alexander** · 3rd
Senior Vice President, Litigation at NBCUniversal Media, LLC

▷ ✕

## Kansas City Injury Attorn

Griggs Injury Law, LLC

| | |
|---|---|
| Law Firm: | **Gibson, Dunn & Crutcher LLP** |
| Lawyer: | **Michael M. Lee** |
| Phone: | 213-229-7937 |
| Fax: | 213-229-6937 |
| Lawyer Title: | Associate Attorney |
| Practice Areas: | Litigation; Transnational Litigation and Foreign Judgments |
| Bio: | |
| Admitted: | 2006, California |
| College: | Brigham Young University, Bachelor of Arts, History/minors in Spanish/Chinese, magna cum laude, 2003 |
| Law School: | University of Southern California Gould School of Law, Juris Doctor, 2006 |
| Membership: | ⌃ ⌃ |
| Web: | http://www.gibsondunn.com |
| Languages: | English |

Lawyer Michael M. Lee, graduated from Brigham Young University, Bachelor of Arts, History/minors in Spanish/Chinese, magna cum laude, 2003 University of Southern California Gould School of Law, Juris Doctor, 2006, is now employed by Gibson, Dunn & Crutcher LLP at 333 South Grand Avenue Los Angeles, CA 90071.Michael M. Lee is one of the more than one million lawyers in United States. Before choosing Michael M. Lee as your lawyer, you should consider whether Michael M. Lee offers free consultation, (if not) how much the initial interview costs, if there is any hidden attorney fees, what's the fee schedule, whether he or she has good community reputation and is able to provide a list of good references. You can also contact the Board of Professional Responsibility of the state bar, to find out if Michael M. Lee has ever been placed under any disciplinary actions. Please be aware that, though Michael M. Lee's office is located at Los Angeles, CA, he or she might belong to the bar association of other states.

You should also ask how long the lawyer has been in practice, how much experience he or she has in cases like yours, and more importantly, the outcomes of those cases! Focus of the lawyer's practice and years of experience are also very



Home > California Lawyers > Los   c    ı & Crutcher LLP



**Pro Bono Offices Near Me**

Find the nearst Pro Bono office. Get 100% Free Legal Help now.

LawInfoP€

Op

Open

Open

**Michael M. Lee, Associate Attorney Attorney**

Litigation; Transnational Litigation and Foreign Judgments

Phone:213-229-7937

Web:http://www.gibsondunn.com

Address: 333 South Grand Avenue, Los Angeles, CA 90071

**Profile**    Lawyers Nearby    Customer Reviews

ⅴ

# Best Attorneys: Child Custody

Find the nearst Pro Bono office. Get 100% Free Legal Help now. LawInfoPedia

Michael M. Lee has been admitted in 2006, California. His or her practice areas include Litigation; Transnational Litigation and Foreign Judgments.

Michael M. Lee's college and law school education includes Brigham Young University, Bachelor of Arts, History/minors in Spanish/Chinese, magna cum laude, 2003, University of Southern California Gould School of Law, Juris Doctor, 2006. You should contact other lawyers and law firms nearby before choosing your legal representatives.

If you are the owner or employee of Gibson, Dunn & Crutcher LLP, and want to update the information, please create a new account and then Claim & Edit Gibson, Dunn & Crutcher LLP. If you want to add your attorney firm, please create a new account.



▷ ✕

# Metal Roofing Prices 2022

If Your Roof Is 20 Yrs Old, You May Qualify to Get Metal Roof

Erie Roof



# Samuel Eisenberg · 3rd

Assistant Attorney General at Colorado Office of the Attorney General

-  Colorado Attorney General's Office
-  Stanford Law School

Denver, Colorado, United States · **Contact info**

500+ connections

🔒 Message    👤+ Connect    More

## Activity
660 followers

**Samuel hasn't posted lately**
Samuel's recent posts and comments will be displayed here.

Show all activity →

## Experience

 **Assistant Attorney General**
Colorado Attorney General's Office · Full-time
2021 - Present · 2 yrs 1 mo
Denver, Colorado, United States

**Staff Attorney**
Natural Resources Defense Council (NRDC)
2019 - 2021 · 2 yrs
Chicago, IL

**Associate Attorney**
Gibson, Dunn & Crutcher LLP
2016 - 2019 · 3 yrs
Greater Los Angeles Area

**Law Clerk**
U.S. Court of Appeals for the Eighth Circuit
2015 - 2016 · 1 yr
Greater Minneapolis-St. Paul Area

**Law Clerk**
Minnesota Supreme Court
2014 - 2015 · 1 yr
Greater Minneapolis-St. Paul Area

Show all 9 experiences →

## Education

**Stanford Law School**
JD
2011 - 2014

Stanford Law Review
Stanford Environmental Law Journal
Environmental Law Clinic                    ...see more

**Harvey Mudd College**
BS, Physics
2004 - 2008

High Distinction
Physics Departmental Honors
Humanities and Social Sciences Departmental Honors
Thesis: Anomalous Hall Effect and Anisotropic Magnetoresistance in La1-

## Skills

**Public Policy**

**Legal Research**

**Legal Writing**

Show all 6 skills →

## Interests

Companies     Groups     Schools

**Spark Collective**
286 followers

( + Follow )

**Ocean Conservancy**
143,580 followers

( + Follow )

Show all 141 companies →

Ad  •••
joseph, unlock your full potential with LinkedIn
Premium



See the full list of who's viewed your
profile

( Try 1 month free )

## People you may know

 **Ally Farr**
Marketing Assistant at Baker Sterchi Cowden & Rice

( Connect )

**Eric Vernon**
Owner, Baldwin and Vernon





Go to...

# Ronald Gomez



Ronald ("Ronnie") Gomez joined the California State University's Office of General Counsel in January 2021. Ronnie is the University Counsel for California State University, Bakersfield and a member of the Office of General Counsel's Business and Finance team. He also serves as a resource attorney on matters relating to disability/ADA, construction and bonds.

Before joining the CSU, Ronnie was a senior associate in the Litigation Department at Gibson, Dunn & Crutcher LLP, where he represented domestic and international companies in high profile disputes in federal and state courts.  At Gibson Dunn, Ronnie had a diversified litigation practice focused on high stakes, complex commercial cases, with an emphasis in employment, intellectual property, contract disputes, and securities.  Ronnie also advised and counseled clients on a variety of matters, including data privacy, personnel policies, and internal investigations.  Ronnie was also actively involved in pro bono representations, including matters involving education, immigration, and civil rights. Ronnie is admitted to practice law in California and the United States District Court for the Central and Northern Districts of California.

**Education:**

- J.D., The University of Texas School of Law, 2013, Honors
    - The Review of Litigation, Notes Editor
    - The Criminal Defense Clinic
    - Actual Innocence Clinic
- B.A., History, University of California, San Diego, 2008

**Publications**:

- "Ethics Rules in Practice: An Analysis of Model Rule 5.6(b) and its Impact on Finality in Mass Tort Settlements", 32 Rev. Litig. 467 (2013).

**Contact:**
Phone: (562) 951-4500
Fax: (562) 951-4956
rgomez@calstate.edu (mailto:rgomez@calstate.edu)

**Support Staff:**
Jason Taylor



# Ronald Gomez · 3rd

University Counsel at California State University, Office of the Chancellor

-  California State University, Office of the Chancellor
-  The University of Texas School of Law

Orange, California, United States · **Contact info**

**400** connections

🔒 **Message**   **+ Follow**   **More**

## Activity
400 followers

**Ronald hasn't posted lately**
Ronald's recent posts and comments will be displayed here.

Show all activity →

## Experience



**University Counsel**
California State University, Office of the Chancellor
Jan 2021 - Present · 2 yrs 1 mo



**Associate**
Gibson, Dunn & Crutcher LLP
Oct 2013 - Jan 2021 · 7 yrs 4 mos



**Summer Associate**
Gibson, Dunn & Crutcher LLP
May 2012 - Jul 2012 · 3 mos
Irvine, CA

**Legal Intern**
Orange County Public Defender
Jun 2011 - Aug 2011 · 3 mos
Santa Ana, CA

Researched and wrote memoranda on various legal issues, including Fourth Amendment search and seizure protections, court ordered restitution, and mistake of fact jury instructions; drafted discovery motion and motion for a mistake of fact jury instruction; observed felony preliminary hearings and trials; consulted with attorneys on litigation strategy.                    ...see more

MAYER BROWN **Administrative Assistant/Reader**
Mayer Brown
Dec 2008 - Aug 2010 · 1 yr 9 mos
Washington, DC

Assisted a blind attorney in editing, formatting, and cite-checking legal memoranda, briefs, and deposition outlines for a variety of issues arising in litigation; researched legal questions and synthesized content for the

attorney; completed a variety of administrative tasks, including document preparation and file management. Show all 9 experiences →   ...see more

## Education


**The University of Texas School of Law**
Doctor of Law (JD)
2010 - 2013

Activities and societies: The Review of Litigation


**UC San Diego**
B.A., History
2004 - 2008

## Skills

**Legal Writing**

 7 endorsements

**Courts**

6 endorsements

**Legal Research**

 6 endorsements

Show all 8 skills →

## Interests

Companies    Groups    Schools


**The Female Lead**
3,528,435 followers

( + Follow )


**California State University, Office of the Chancellor**
10,342 followers

( + Follow )

Show all 12 companies →

Ad ···
joseph, unlock your full potential with LinkedIn
Premium



See the full list of who's viewed your
profile

( Try 1 month free )

## People also viewed


**Michael Tam** · 3rd
University Counsel at California State University, Office of the Chancellor



## Lily Bu · 3rd
Senior Employment and Litigation Counsel

-  Varian
-  University of California, Berkeley - School of Law

Los Angeles, California, United States · Contact info

500+ connections

🔒 Message    + Follow    More

---

## Activity
507 followers

**Lily hasn't posted lately**
Lily's recent posts and comments will be displayed here.

Show all activity →

---

## Experience

**Senior Employment and Litigation Counsel**
Varian
Oct 2021 - Present · 1 yr 4 mos

**Associate Attorney**
Gibson, Dunn & Crutcher LLP
Sep 2013 - Sep 2021 · 8 yrs 1 mo
Los Angeles, CA

**Summer Associate**
Gibson, Dunn & Crutcher LLP
May 2012 - Jul 2012 · 3 mos
Los Angeles, CA

**Judicial Extern**
U.S. Court of Appeals for the Ninth Circuit
May 2011 - Aug 2011 · 4 mos
Los Angeles, CA

---

## Education

 **University of California, Berkeley - School of Law**
J.D., Law
2010 - 2013

Activities and societies: California Law Review, Legal Research and Writing
and Written and Oral Advocacy Teaching Assistant, International Human

 Rights Law Clinic, California Asylum Representation Clinic, Asian Pacific American Law Student Association ...see more

University of California, Los Angeles
B.A., Political Science and History
2005 - 2009

Activities and societies: Phi Beta Kappa

## Interests

Companies    Schools

 **University of California, Berkeley - School of Law**
34,955 followers

( + Follow )

 **Gibson, Dunn & Crutcher LLP**
54,166 followers

( + Follow )

Show all 4 companies →

Ad  •••
joseph, unlock your full potential with LinkedIn Premium



See the full list of who's viewed your profile

( Try 1 month free )

## People you may know

 **Ally Farr**
Marketing Assistant at Baker Sterchi Cowden & Rice

( Connect )

 **Eric Vernon**
Owner, Baldwin and Vernon

( Connect )

 **Angela Probasco**
Insurance Coverage & Bad Faith Attorney

( Connect )

 **Karrie Clinkinbeard**
Fire and Electrical Liability Attorney at Armstrong Teasdale LLP

( Connect )

 **Rob Bruer**
Attorney at Bruer Law Firm, L.L.C.

( Connect )

in LEARNING


# Lily Bu

2029 Century Park East, Suite 4000 Century City, California 90067

(310) 557-8193 (tel:3105578193)

|

lbu@gibsondunn.com (mailto:lbu@gibsondunn.com)

Firm: **Gibson, Dunn & Crutcher LLP**
| Website ☑ (https://www.gibsondunn.com)

✏ **Claim Profile**

**OVERVIEW**    SERVICES    MORE ▾

## Overview

Lily Bu's practice is focused in the areas of Litigation and Mass Tort Litigation / Class Actions - Plaintiffs.

FIRM                                    **Gibson, Dunn & Crutcher LLP**

PHONE NUMBER                            **(310) 557-8193 (tel:3105578193)**

## What legal services does this lawyer offer?

✔  **Litigation**

✔  **Mass Tort Litigation / Class Actions - Plaintiffs**

## Contact Details and Office Locations

**Office:** (310) 557-8193 (tel:3105578193)

lbu@gibsondunn.com (mailto:lbu@gibsondunn.com)

2029 Century Park East, Suite 4000
Century City, California 90067



CENTURY CITY,
CALIFORNIA
90067

**See Location**    Google    (https://www.google.com/maps/place/2029+Century+Park+East%2c+Suite+4000+Century+City+California+90067+U

# EXHIBIT 4

Case 6:22-cv-03037-MDH     Document 112-1     Filed 12/01/23     Page 61 of 118

# Rule 1.5: Fees

Share:



*Client-Lawyer Relationship*

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

(b) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation, except when the lawyer will

charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client.

(c) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (d) or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal; litigation and other expenses to be deducted from the recovery; and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(d) A lawyer shall not enter into an arrangement for, charge, or collect:

(1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or

(2) a contingent fee for representing a defendant in a criminal case.

(e) A division of a fee between lawyers who are not in the same firm may be made only if:

(1) the division is in proportion to the services performed by each lawyer or each lawyer assumes joint responsibility for the representation;

(2) the client agrees to the arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing; and

(3) the total fee is reasonable.

Comment | Table of Contents | Next Rule

# EXHIBIT 5


Statutes, codes, and regulations

New Mexico Court Ru...



Article 1 - Client-Law...

# N.M. R. Prof'l. Cond. 16-105

⬇ Download

As amended through December 15, 2022

Rule 16-105 - Fees

**A.Determination of reasonableness.** A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

  (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

  (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

  (3) the fee customarily charged in the locality for similar legal services;

  (4) the amount involved and the results obtained;

  (5) the time limitations imposed by the client or by the circumstances;

  (6) the nature and length of the professional relationship with the client;

**B.Basis or rate of fees.** Whenever a fee is charged, and except as provided in Paragraph C, the scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client in writing before or within a reasonable time after commencing the representation, except when the lawyer will charge a regularly represented client on the same basis or rate. Any changes in the basis or rate of the fee or expenses shall also be communicated to the client in writing.

**C.Short-term limited legal services.** The requirement of a writing shall not apply to legal services provided under Rule 16-605 NMRA. Where an indigent representation fee is imposed by a court, no fee agreement has been entered into between the lawyer and client, and a writing is not required.

**D.Contingency fees.** A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by Paragraph E or other law. A contingent fee agreement shall be in a writing signed by the client and shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal; litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. The agreement must clearly notify the client of any expenses for which the client will be liable whether or not the client is the prevailing party. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement stating the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

**E.Prohibited fee arrangements.** A lawyer shall not enter into an arrangement for, charge, or collect:

(1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a divorce or upon the amount of alimony or support, or property settlement in lieu thereof; or

(2) a contingent fee for representing a defendant in a criminal case.

**F.Fee splitting.** A division of a fee between lawyers who are not in the same firm may be made only if:

the agreement is confirmed in writing; and

(3) the total fee is reasonable.

*N.M. R. Prof'l. Cond. 16-105*

As amended by Supreme Court Order No. 08-8300-029, effective 11/3/2008; as amended by Supreme Court Order No. 15-8300-007, effective 12/31/2015.

*Committee commentary. -*

*Reasonableness of Fee and Expenses*

[1] *Paragraph A requires that lawyers charge fees that are reasonable under the circumstances. The factors specified in Subparagraphs (1) through (8) are not exclusive. Nor will each factor be relevant in each instance. Paragraph A also requires that expenses for which the client will be charged must be reasonable. A lawyer may seek reimbursement for the cost of services performed in-house, such as copying, or for other expenses incurred in-house, such as telephone charges, either by charging a reasonable amount to which the client has agreed in advance or by charging an amount that reasonably reflects the cost incurred by the lawyer.*

*Basis or Rate of Fee*

[2] *When the lawyer has regularly represented a client, the lawyer and client ordinarily will have evolved an understanding concerning the basis or rate of the fee and the expenses for which the client will be responsible. In a new client-lawyer relationship, however, an understanding as to fees and expenses must be promptly established. Before any substantial services are rendered, the lawyer must furnish the client with at least a simple memorandum or copy of the lawyer's customary fee arrangements that states the scope of the legal representation to be provided, the basis, rate, or total amount of the fee, and whether, and to what extent, the client will be responsible for any costs, expenses, or disbursements in the course of the representation. A written statement concerning the terms of the engagement reduces the possibility of misunderstanding.*

[3] *For a single-session legal consultation, the requirement of a writing may be satisfied by providing the client with a written receipt showing how much was paid for the consultation, and stating, if appropriate, that there is no ongoing representation.*

*may require a lawyer to offer clients an alternative basis for the fee. Applicable law also may apply to situations other than a contingent fee, for example, government regulations regarding fees in certain tax matters.*

### Terms of Payment

*[5] A lawyer may require advance payment of a fee, but is obliged to return any unearned portion. See Rule 16-116(D) NMRA of the Rules of Professional Conduct. A lawyer may accept property in payment for services, such as an ownership interest in an enterprise, providing this does not involve acquisition of a proprietary interest in the cause of action or subject matter of the litigation contrary to Rule 16-108(A) NMRA of the Rules of Professional Conduct. However, a fee paid in property instead of money may be subject to the requirements of Rule 16-108(A) because such fees often have the essential qualities of a business transaction with the client.*

*[6] An agreement may not be made whose terms might induce the lawyer improperly to curtail services for the client or perform them in a way contrary to the client's interest. For example, a lawyer should not enter into an agreement whereby services are to be provided only up to a stated amount when it is foreseeable that more extensive services probably will be required, unless the situation is adequately explained to the client. Otherwise, the client might have to bargain for further assistance in the midst of a proceeding or transaction. However, it is proper to define the extent of services in light of the client's ability to pay. A lawyer should not exploit a fee arrangement based primarily on hourly charges by using wasteful procedures.*

### Prohibited Contingent Fees

*[7] Paragraph E prohibits a lawyer from charging a contingent fee in a domestic relations matter when payment is contingent upon the securing of a divorce or upon the amount of alimony or support or property settlement to be obtained. This provision does not preclude a contract for a contingent fee for legal representation in connection with the recovery of post-judgment balances due under support, alimony or other financial orders because such contracts do not implicate the same policy concerns.*

### Division of Fee

*[8] A division of fee is a single billing to a client covering the fee of two or more lawyers who are not in the same firm. A division of fee facilitates association of more than one lawyer in a matter in which neither alone*

receive, and the agreement must be confirmed in writing. Contingent fee agreements must be in a writing signed by the client and must otherwise comply with Paragraph D of this rule. Joint responsibility for the representation entails financial and ethical responsibility for the representation as if the lawyers were associated in a partnership. A lawyer should only refer a matter to a lawyer whom the referring lawyer reasonably believes is competent to handle the matter. See Rule 16-101 NMRA of the Rules of Professional Conduct.

[9] Paragraph F does not prohibit or regulate division of fees to be received in the future for work done when lawyers were previously associated in a law firm.

**Disputes over Fees**

[10] If a procedure has been established for resolution of fee disputes, such as an arbitration or mediation procedure established by the bar, the lawyer must comply with the procedure when it is mandatory, and, even when it is voluntary, the lawyer should conscientiously consider submitting to it. Laws may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, a class or a person entitled to a reasonable fee as part of the measure of damages. The lawyer entitled to such a fee and a lawyer representing another party concerned with the fee should comply with the prescribed procedure.

[Adopted by Supreme Court Order No. 08-8300-029, effective November 3, 2008; as amended by Supreme Court Order No. 15-8300-007, effective December 31, 2015.]

ANNOTATIONS The 2015 amendment, approved by Supreme Court Order No. 15-8300-007, effective December 31, 2015, required a lawyer to provide the basis or rate of fees in writing, provided an exception for fees for indigent representation, and revised the committee commentary; deleted Paragraph B and added new Paragraphs B and C; redesignated the subsequent paragraphs accordingly; in Paragraph D, after "Paragraph", deleted "D" and added "E"; and in the committee commentary, added Paragraph 3 and redesignated the subsequent paragraphs accordingly. The 2008 amendment, approved by Supreme Court Order No. 08-8300-29, effective November 3, 2008, in Paragraph A, deleted the sentence "A lawyer's fee shall be reasonable.", and added the first sentence; in Paragraph B, deleted "When the lawyer has not regularly represented the client"; added "The scope of the representation and" and "and expenses for which the client shall be responsible"; added the exception at the end of the first sentence; and added the last sentence; in Paragraph C, added the phrase

*arrangement, including the share each lawyer will receive, and the agreement is confirmed in writing".*
*Multiplier applied to a lodestar attorney fee. - To the extent a lodestar value does not take into account the*
*factors that justify a multiplier, the district court has discretion to apply a multiplier factor to a lodestar fee*
*awarded in an action under the Unfair Practices Act, Sections 57-12-1 et seq. NMSA 1978. Atherton v. Gopin,*
*2012-NMCA-023, 272 P.3d 700. Where plaintiff recovered $5,200.00 plus attorney fees in an action under the*
*Unfair Practices Act, Sections 57-12-1 et seq. NMSA 1978; plaintiff calculated attorney fees of $35,759.10; and*
*the court awarded plaintiff attorney fees of $39,608.40 based on the lodestar method, the court had discretion*
*to apply a multiplier factor to the lodestar fee to the extent a lodestar value did not take into account the factors*
*that justify a multiplier. Atherton v. Gopin, 2012-NMCA-023, 272 P.3d 700. A flat fee for future legal services*
*cannot be considered as earned when paid and must be held in trust until earned. In re Yalkut, 2008-NMSC-*
*009, 143 N.M. 387, 176 P.3d 1119. Non-refundable unearned fees are unreasonable. - Where attorney accepted*
*a flat fee from a client in the form of real property and transferred a portion of that nonmonetary fee to a third*
*party before he had earned it so that he was unable to refund the unearned portion when requested, the*
*property was an unreasonable fee in violation of Rule 16-105(A) NMRA, because non-refundable, unearned*
*fees are unreasonable. An attorney may accept a nonmonetary fee, but regardless of the form it takes any fee*
*must be reasonable and must be refundable until it is fully earned. In re Montclare, 2016-NMSC-023.*
*Enforcement of rule. - While it is not within the jurisdiction of the disciplinary board or the office of*
*disciplinary counsel to regulate fees charged by attorneys, it is within their jurisdiction to enforce the Rules of*
*Professional Conduct; therefore, when the fee charged by an attorney is illegal or grossly excessive, it is*
*appropriate for the disciplinary board to take action. In re Jones, 1995-NMSC-010, 119 N.M. 229, 889 P.2d*
*837. Attorney has burden of proving value of services rendered by him and for which he claims payment or*
*credit. Van Orman v. Nelson, 1967-NMSC-069, 78 N.M. 11, 427 P.2d 896, rev'd on other grounds, 1969-*
*NMSC-035, 80 N.M. 119, 452 P.2d 188. Contingency fee arrangement of 331/3% of recovery is not excessively*
*unreasonable or unconscionable in taking an appeal when the parties deal at arm's length, the risk is great, the*
*fee arrangement is clear and unambiguous and it is supported by expert testimony that the percentage is*
*reasonable. Citizens Bank v. C & H Constr. & Paving Co., 1979-NMCA-106, 93 N.M. 422, 600 P.2d 1212.*
*Unwritten fee agreement. - Unwritten contingency fee contracts will not be enforced because they violate the*
*Rules of Professional Conduct, and an attorney's recovery in such cases will be limited to a reasonable fee*
*under the circumstances. United States v. 36.06 Acres of Land, 70 F. Supp. 2d 1272 (D.N.M. 1999 ). Attempt to*
*collect fees awarded and fees due under contingency agreement. - The fees awarded to an attorney by a federal*
*judge in a civil rights action were far in excess of what he could have collected from his client under the terms*
*of a contingency agreement, and represented complete payment for his services. The attorney's subsequent*

*suspension and other penalties were warranted since attorney accepted one-half of the fee and failed to represent the client, allowing default to be entered against the client. In re Trujillo, 1990-NMSC-062, 110 N.M. 180, 793 P.2d 862. Promise to probate upon death of clients. - Attorney defrauded his clients when he suggested that if they would each pay him $1,000 plus tax, he would probate their estates at the time of their deaths. In re Gallegos, 1986-NMSC-058, 104 N.M. 496, 723 P.2d 967. Excessive fee since no services provided. - By accepting a $5,000 retainer and taking no discernible action apart from filing a complaint, the attorney charged a clearly excessive fee in violation of this rule. While the fee agreement provided for a reasonable fee for the services to be performed, even a minimal fee becomes excessive when no service is provided. In re Roberts-Hohl, 1994-NMSC-004, 116 N.M. 700, 866 P.2d 1167. Any fee is excessive when absolutely no services are provided. In re Jones, 1995-NMSC-010, 119 N.M. 229, 889 P.2d 837. Indefinite suspension warranted where excessive fee involved. In re Quintana, 1985-NMSC-101, 103 N.M. 458, 709 P.2d 180; In re Martinez, 1988-NMSC-033, 107 N.M. 171, 754 P.2d 842. An attorney who collected a fee to represent a client in a criminal matter and who failed to return the fee even though the charge was dismissed without any action by the lawyer, who subsequently contended, knowingly and dishonestly, that he was entitled to the fee in disciplinary proceedings, and who forged a physician's signature on a fitness to practice law form on an application to the Arizona bar, was suspended indefinitely. In re Cherryhomes, 1993-NMSC-044, 115 N.M. 734, 858 P.2d 401. Indefinite suspension was warranted because of attorney's violation of this rule and other rules, such as Rule 16-101 NMRA , by failing to provide competent representation; Rule 16-302 NMRA, by failing to expedite litigation; Rule 16-303(A)(1) NMRA, by making an untrue statement of material fact to a tribunal; Rule 16-304(D) NMRA, by failing to comply with a discovery request; Rule 16-505(A) NMRA, by practicing law in a jurisdiction where doing so violates regulations; and Rule 16-804(C),(D) and (H) NMRA, by engaging in conduct involving dishonesty, deceit, and misrepresentation, by engaging in conduct prejudicial to the administration of justice, and by engaging in conduct that adversely reflects upon his fitness to practice law. In re Righter, 1999-NMSC-009, 126 N.M. 730, 975 P.2d 343. Actions deemed violations of this rule. In re Horton, 1983-NMSC-003, 100 N.M. 13, 665 P.2d 275; In re Martinez, 1988-NMSC-033, 107 N.M. 171, 754 P.2d 842; In re Tapia, 1990-NMSC-092, 110 N.M 693, 799 P.2d 129; In re Hamar, 1997-NMSC-048, 123 N.M. 795, 945 P.2d 1013; In re Chavez, 2000-NMSC-015, 129 N.M. 035, 1 P.3d 417. Law reviews. - For article, "Ethics and the Settlement of Civil Rights Cases: Can Attorneys Keep Their Virtue and Their Fees?", see 16 N.M.L. Rev. 283 (1986). Am. Jur. 2d, A.L.R. and C.J.S. references. - 7 Am. Jur. 2d Attorneys at Law §§ 237 to 314. Division of fees or compensation between cooperating attorneys, 73 A.L.R.2d 991. Attorney's splitting fees with other attorney or layman as ground for disciplinary proceeding, 6 A.L.R.3d 1446. What constitutes contract between husband or wife and third person promotive of divorce or separation, 93 A.L.R.3d 523. Validity, construction,*

*336. Attorney's retaining lien as affected by action to collect legal fees, 45 A.L.R.4th 198. Attorneys' fees: cost of services provided by paralegals or the like as compensable element of award in state court, 73 A.L.R.4th 938. Validity and construction of agreement between attorney and client to arbitrate disputes arising between them, 26 A.L.R.5th 107. Divorce and separation: Attorney's contingent fee contracts as marital property subject to distribution, 44 A.L.R.5th 671. Alimony or child-support awards as subject to attorneys' liens, 49 A.L.R. 5th 595. Circumstances under which attorney retains right to compensation notwithstanding voluntary withdrawal from case, 53 A.L.R.5th 287. Limitation to quantum meruit recovery, where attorney employed under contingent-fee contract is discharge without cause, 56 A.L.R.5th 1. Method of calculating attorneys' fees awarded in common-fund or common-benefit cases-state cases, 56 A.L.R.5th 107. Construction and application of "common fund" doctrine in allocating attorneys' fees among multiple attorneys whose efforts were unequal in benefiting multiple claimants, 42 A.L.R. Fed. 134. Legal services provided by law students as basis for award of attorneys' fees or other litigation costs in action under Freedom of Information Act (5 USCS § 552(a)(4)(E), 73 A.L.R. Fed. 732. Effect of contingent fee contract on fee award authorized by federal statute, 76 A.L.R. Fed. 347. Award of attorneys' fees in excess of $75 per hour under Equal Access to Justice Act (EAJA) provision (28 USCS § 2412(d)(A)(2)(ii) ) authorizing higher award - cases involving social security law, 113 A.L.R. Fed. 267. Award of attorney's fees in excess of $75 per hour under Equal Access to Justice Act (EAJA) (28 USCS § 2412(d)(2)(A)(ii) authorizing higher awards - cases involving law other than social security law, 119 A.L.R. Fed. 1 7A C.J.S. Attorney and Client §§ 281, 283, 294.*

Previous Section
Rule 16-104 - Communication

Next Section
Rule 16-106 - Confidentiality of information

Make your practice more effective and efficient with Casetext's legal research suite.

# EXHIBIT 6


# The State Bar *of California*

## Rule 4-200 Fees for Legal Services
### Previous Rules
*Rules of Professional Conduct*

### Rule 4-200 Fees for Legal Services
(A) A member shall not enter into an agreement for, charge, or collect an illegal or unconscionable fee.

(B) Unconscionability of a fee shall be determined on the basis of all the facts and circumstances existing at the time the agreement is entered into except where the parties contemplate that the fee will be affected by later events. Among the factors to be considered, where appropriate, in determining the conscionability of a fee are the following:

(1) The amount of the fee in proportion to the value of the services performed.

(2) The relative sophistication of the member and the client.

(3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.

(4) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the member.

(5) The amount involved and the results obtained.

(6) The time limitations imposed by the client or by the circumstances.

(7) The nature and length of the professional relationship with the client.

(8) The experience, reputation, and ability of the member or members performing the services.

(9) Whether the fee is fixed or contingent.

(10) The time and labor required.

(11) The informed consent of the client to the fee.

(Amended by order of Supreme Court, operative September 14, 1992)

Copyright © 2022 The State Bar of California

# EXHIBIT 7

..., UFS...    CBS Sports - News,...    LITIGATING ATTOR...    AA 1998-03 Determ...

## ALL CRASHES

The graph below shows the number of reportable crashes by month that a carrier has been involved in, along with their average severity weights per inspection in the Crash Indicator BASIC. Crashes are assigned severity weights according to their impact. A greater severity weight is given to crashes involving injuries, fatalities, and/or the release of hazardous materials. Select from the drop-down to view this data along with the average severity weights per crash.

Reviewed-Not Preventable and not in SMS

Crashes Included in SMS

Number of Crashes

A crash preventability determination does not assign fault or legal liability for the crash. These determinations are made on the basis of information available to FMCSA by persons with no personal knowledge of the crash and are not reliable evidence in a civil or criminal action. Under 49 U.S.C. § 504(f), these determinations are not admissible in a civil action for damages. The absence of a not preventable determination does not indicate that a crash was preventable.

## Summary of Activities

The summary includes information on the 5 most recent investigations and 24 months of inspections and crash history.

Most Recent Investigation: 1/24/2022 (Non-Ratable Review)

Total Inspections: 15,926

    Total Inspections without Violations used in SMS: 11,616

    Total Inspections with Violations used in SMS: 4,310

Total Crashes*: 787

*Crashes listed represent a motor carrier's involvement in reportable crashes, regardless of the carrier's or driver's role in the crash. Continue for details.

## Carrier Registration

Carrier Registration Details    →

Subject to General Threshold    →

Update Registration Info    →

## Enforcement Cases

(Six years as of 01/16/2023 updated monthly from FMCSA )

No penalties found

## Tools/Resources

SMS Methodology    →

How to Improve    →

Request a Data Review    →

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 76 of 118

# SMS Safety Measurement System

## NEW PRIME INC

### DBA: PRIME INC

U.S. DOT#: 3706
Address: 2740 NORTH MAYFAIR AVE
SPRINGFIELD, MO 65803
Number of Vehicles: 7,657
Number of Drivers: 9,538
Number of Inspections: 15,926

## Safety Rating & OOS Rates

(As of 01/16/2023 updated daily from SAFER )

**SATISFACTORY**
(Rating Date: 03/20/2009)

### Out of Service Rates

| Type | OOS % | National Avg % |
|---|---|---|
| Vehicle | 9.0 | 21.4 |
| Driver | 1.4 | 6.0 |
| Hazmat | 2.0 | 4.5 |

## Licensing and Insurance

(As of 01/16/2023 updated hourly from L&I )

### Active For-Hire Authority

| Type | Yes/No | MC#/MX# |
|---|---|---|
| Property | Yes | MC-140665 |
| Passenger | No | |
| Household Goods | No | |
| Broker | Yes | MC-140665 |

---

## BASIC Status (Public Property Carrier View) ?

Behavior Analysis & Safety Improvement Categories (BASICs)

Based on a 24-month record ending December 30, 2022

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| | Not Public | | | | Not Public | |
| Unsafe Driving | Crash Indicator | Hours-of-Service Compliance | Vehicle Maintenance | Controlled Substances and Alcohol | Hazardous Materials Compliance | Driver Fitness |

Select a BASIC icon above to get details, or view your Complete SMS Profile.

## Summary of Activities

The summary includes information on the 5 most recent investigations and 24 months of inspections and crash history.

Most Recent Investigation: 1/24/2022
(Non-Ratable Review) 
Total Inspections: 15,926
    Total Inspections without Violations used in SMS: 11,616
    Total Inspections with Violations used in SMS: 4,310
Total Crashes* : 787

*Crashes listed represent a motor carrier's involvement in reportable

## Carrier Registration

Subject to General Threshold

## Enforcement Cases

(Six years as of 01/16/2023 updated monthly from FMCSA )

No penalties found

<u>crashes</u>, regardless of the carrier's or driver's role in the crash. <u>Continue for details</u>.

 Acute/Critical Violations cited within last 12 months from an investigation.

## USE OF SMS DATA/INFORMATION

### FAST Act of 2015:

Readers should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system. Unless a motor carrier has received an UNSATISFACTORY safety rating under part 385 of title 49, Code of Federal Regulations, or has otherwise been ordered to discontinue operations by the Federal Motor Carrier Safety Administration, it is authorized to operate on the Nation's roadways.

### Safety Measurement System:

The data in the Safety Measurement System (SMS) is performance data used by the Agency and Enforcement Community. A ⚠ symbol, based on that data, indicates that FMCSA may prioritize a motor carrier for further monitoring.

The ⚠ symbol is not intended to imply any federal safety rating of the carrier pursuant to 49 USC 31144. Readers should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system. Unless a motor carrier in the SMS has received an UNSATISFACTORY safety rating pursuant to 49 CFR Part 385, or has otherwise been ordered to discontinue operations by the FMCSA, it is authorized to operate on the nation's roadways.

Motor carrier safety ratings are available at <u>http://safer.fmcsa.dot.gov</u> and motor carrier licensing and insurance status are available at <u>http://li-public.fmcsa.dot.gov/</u>.

# SMS — Safety Measurement System

## NEW PRIME INC

### DBA: PRIME INC

U.S. DOT#: 3706
Address: 2740 NORTH MAYFAIR AVE
SPRINGFIELD, MO 65803
Number of Vehicles: 7,657
Number of Drivers: 9,538
Number of Inspections: 15,926

## Safety Rating & OOS Rates
(As of 01/16/2023 updated daily from SAFER )

**SATISFACTORY**
(Rating Date: 03/20/2009)

### Out of Service Rates

| Type | OOS % | National Avg % |
|---|---|---|
| Vehicle | 9.0 | 21.4 |
| Driver | 1.4 | 6.0 |
| Hazmat | 2.0 | 4.5 |

## Licensing and Insurance
(As of 01/16/2023 updated hourly from L&I )

Active For-Hire Authority

| Type | Yes/No | MC#/MX# |
|---|---|---|
| Property | Yes | MC-140665 |
| Passenger | No | |
| Household Goods | No | |
| Broker | Yes | MC-140665 |

## BASIC Status (Public Property Carrier View) ?

Behavior Analysis & Safety Improvement Categories (BASICs)

Based on a 24-month record ending December 30, 2022

      

| Unsafe Driving | Crash Indicator (Not Public) | Hours-of-Service Compliance | Vehicle Maintenance | Controlled Substances and Alcohol | Hazardous Materials Compliance (Not Public) | Driver Fitness |
|---|---|---|---|---|---|---|

Select a BASIC icon above to get details, or view your Complete SMS Profile.

# BASIC: Crash Indicator



# NOT PUBLIC



# ALL CRASHES

The graph below displays the number of crashes that the carrier has received for a selected period of time. Expand for more information.

Reviewed-Not Preventable and not in SMS

Crashes Included in SMS

A crash preventability determination does not assign fault or legal liability for the crash. These determinations are made on the basis of information available to FMCSA by persons with no personal knowledge of the crash and are not reliable evidence in a civil or criminal action. Under 49 U.S.C. § 504(f), these determinations are not admissible in a civil action for damages. The absence of a not preventable determination does not indicate that a crash was preventable.

## REVIEWED-NOT PREVENTABLE CRASH ACTIVITY (VEHICLES INVOLVED IN CRASHES)  Total Number of Crashes: 154

| Report | | | Vehicle | | Crash | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM |
| 8/25/2022 | TN0103397218 | TN | 60KS8F | MO | 0 | 0 | Yes | No |
| 8/9/2022 | TX6DQ8HQE17L | TX | 64KROW | MO | 3 | 1 | Yes | No |
| 7/31/2022 | MO0000098017 | MO | 12KS1A | MO | 0 | 0 | Yes | No |
| 7/25/2022 | PA206837700X | PA | 13KR9B | MO | 0 | 0 | Yes | No |
| 7/16/2022 | NE0222026044 | NE | 74KR5K | MO | 0 | 0 | Yes | No |
| 7/13/2022 | WY0202207412 | WY | 96KR8Y | MO | 0 | 0 | Yes | No |
| 7/13/2022 | CA4262200415 | CA | 00KS8H | MO | 0 | 0 | Yes | No |
| 6/12/2022 | MD22A0921743 | MD | 84KR3K | MO | 0 | 0 | Yes | No |
| 6/11/2022 | NC0106998452 | NC | | | 0 | 1 | Yes | No |
| 6/9/2022 | NC0106982222 | NC | ND8371 | NC | 0 | 0 | Yes | No |
| 5/22/2022 | ILX002636337 | IL | 65KS9B | MO | 0 | 0 | Yes | No |
| 5/18/2022 | IN0904038664 | IN | 88AS1D | MO | 0 | 0 | Yes | No |
| 5/16/2022 | OK0022009654 | OK | 75KR6K | MO | 0 | 0 | Yes | No |
| 5/4/2022 | CA8352200390 | CA | 17KR8W | MO | 0 | 2 | Yes | No |
| 5/3/2022 | TX6AT8HQE1VV | TX | 47KR5E | MO | 0 | 1 | Yes | No |
| 4/27/2022 | ILX002621643 | IL | 87KR2A | MO | 0 | 2 | Yes | No |
| 4/15/2022 | IN0904015965 | IN | 35A438 | MO | 0 | 0 | Yes | No |
| 4/6/2022 | MO0000096406 | MO | 53KS8M | MO | 0 | 1 | Yes | No |
| 4/4/2022 | ID22C6000720 | ID | 53KSOK | MO | 0 | 2 | Yes | No |
| 4/3/2022 | TN0103264878 | TN | 67KR0X | MO | 0 | 0 | Yes | No |
| 4/2/2022 | KY0072746868 | KY | 70KR0K | MO | 0 | 1 | Yes | No |
| 3/29/2022 | NYSP43868060 | NY | 63KR5F | MO | 0 | 0 | Yes | No |
| 3/27/2022 | OK0022006249 | OK | 44KR5B | MO | 0 | 0 | Yes | No |

| Report | | | Vehicle | | Crash | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM |
| 3/24/2022 | TX6A07HQE1AH | TX | 65KR0F | MO | 0 | 1 | Yes | No |
| 3/11/2022 | WY0202203221 | WY | 02AS5G | MO | 0 | 1 | Yes | No |
| 3/10/2022 | CO2022000424 | CO | 77KSOD | MO | 0 | 0 | Yes | No |
| 2/26/2022 | MO0000095528 | MO | 68KR5K | MO | 0 | 0 | Yes | No |
| 2/25/2022 | CO2022000343 | CO | 76AP6W | MO | 0 | 0 | Yes | No |
| 2/24/2022 | MO0000095575 | MO | 25KR6N | MO | 0 | 0 | Yes | No |
| 2/16/2022 | TN0300780476 | TN | 08AP7S | MO | 0 | 2 | Yes | No |
| 2/16/2022 | TN0103224635 | TN | 63KS4F | MO | 0 | 0 | Yes | No |
| 2/16/2022 | WY0202202063 | WY | 25KR1N | MO | 0 | 0 | Yes | No |
| 2/13/2022 | FL2489163202 | FL | 53KR9F | MO | 1 | 0 | Yes | No |
| 2/6/2022 | AR2022506897 | AR | 77KS1D | MO | 0 | 0 | Yes | No |
| 2/4/2022 | NYSP43452480 | NY | 41KR8G | MO | 0 | 1 | Yes | No |
| 2/3/2022 | MO0000095287 | MO | 12KR4N | MO | 0 | 2 | Yes | No |
| 2/3/2022 | TX68QCHQE1VS | TX | 32KR9P | MO | 0 | 0 | Yes | No |
| 1/30/2022 | OH0225016646 | OH | 90KR7H | MO | 0 | 2 | Yes | No |
| 1/29/2022 | CA4612200059 | CA | 99KR2A | MO | 0 | 0 | Yes | No |
| 1/28/2022 | KY0072725074 | KY | 79KR7H | MO | 0 | 1 | No | No |
| 1/26/2022 | TX68G7HQE15V | TX | 05AR9K | MO | 1 | 0 | Yes | No |
| 1/25/2022 | KS2022E23141 | KS | 09KS6A | MO | 0 | 0 | Yes | No |
| 1/20/2022 | OK0022001307 | OK | 54KS7B | MO | 2 | 0 | Yes | No |
| 1/19/2022 | GA0008394186 | GA | 45KR2P | MO | 0 | 1 | Yes | No |
| 1/18/2022 | AL0002607855 | AL | 36KR8V | MO | 0 | 0 | Yes | No |
| 1/16/2022 | UT2200594556 | UT | 44KR9B | MO | 0 | 2 | Yes | No |
| 1/12/2022 | MT2250173634 | MT | 30AN9N | MO | 0 | 0 | Yes | No |
| 1/11/2022 | KS2022E23074 | KS | 33AR8R | MO | 1 | 0 | Yes | No |
| 1/10/2022 | AL0002602928 | AL | 76AP1B | MO | 0 | 0 | Yes | No |
| 1/10/2022 | IN0903965694 | IN | 46KR6D | MO | 0 | 0 | Yes | No |
| 1/9/2022 | NM0710644286 | NM | 32KR7V | MO | 0 | 0 | Yes | No |
| 1/9/2022 | CA8602200130 | CA | 66KR1X | MO | 0 | 2 | Yes | No |
| 12/31/2021 | MO0000095164 | MO | 57KR4L | MO | 0 | 1 | Yes | No |
| 12/30/2021 | WA000EC08826 | WA | 77AS1M | MO | 0 | 0 | Yes | No |
| 12/26/2021 | CO2021001984 | CO | 77AN3R | MO | 0 | 0 | Yes | No |
| 12/16/2021 | TN0103170641 | TN | 50KR5F | MO | 0 | 4 | Yes | No |
| 12/14/2021 | TX67ADHQE1SB | TX | 65KR0E | MO | 0 | 1 | Yes | No |
| 12/11/2021 | GA0008354125 | GA | 33KR2V | MO | 0 | 0 | Yes | No |
| 12/6/2021 | PA111963900X | PA | 99KR9Z | MO | 0 | 0 | Yes | No |
| 12/4/2021 | WV202129861A | WV | 47KR5B | MO | 0 | 0 | Yes | No |
| 11/28/2021 | IN0903942988 | IN | 32KR7G | MO | 1 | 0 | Yes | No |
| 11/23/2021 | TN0103153496 | TN | 64KR8F | MO | 0 | 0 | Yes | No |
| 11/11/2021 | MO0000094259 | MO | 41KR6D | MO | 0 | 1 | Yes | No |
| 11/9/2021 | CA4652111750 | CA | 88KR7A | MO | 0 | 1 | Yes | No |
| 11/4/2021 | KY0072694597 | KY | 81KR2H | MO | 0 | 0 | Yes | No |
| 11/4/2021 | CA6552111167 | CA | 61KR4E | CA | 0 | 0 | Yes | No |
| 10/28/2021 | OK0202165614 | OK | 19KROB | MO | 0 | 1 | Yes | No |
| 10/27/2021 | TX65MAHQE1XX | TX | 80KROH | MO | 0 | 0 | Yes | No |
| 10/26/2021 | NYSP42422950 | NY | 91KR3H | MO | 0 | 0 | Yes | No |
| 10/20/2021 | OR2021430300 | OR | 50KR1L | MO | 0 | 0 | Yes | No |
| 10/19/2021 | WY0202112309 | WY | 22KR8S | AL | 0 | 0 | Yes | No |
| 10/19/2021 | TX65JDHQE1O2 | TX | 57KS8B | MO | 0 | 0 | Yes | No |
| 10/18/2021 | SC0021567980 | SC | 50AT8B | MO | 0 | 0 | Yes | No |
| 10/18/2021 | CA8342110166 | CA | 28KR3P | MO | 1 | 0 | Yes | No |
| 10/14/2021 | MI0002391882 | MI | 04AR2B | MO | 0 | 1 | Yes | No |

| Report | | | Vehicle | | Crash | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM |
| 10/13/2021 | CA8352110756 | CA | 06AR7K | MO | 0 | 0 | Yes | No |
| 10/5/2021 | GA0008264504 | GA | 32KR8S | MO | 0 | 0 | Yes | No |
| 10/4/2021 | WV202124597A | WV | 12B334 | MO | 0 | 0 | Yes | No |
| 10/2/2021 | ILX002393904 | IL | 34KR5D | MO | 0 | 1 | Yes | No |
| 9/30/2021 | GA0008252886 | GA | 184R5A | MO | 0 | 0 | Yes | No |
| 9/29/2021 | AZ0000053877 | AZ | 93KR7Y | MO | 0 | 0 | Yes | No |
| 9/26/2021 | IA2101262343 | IA | K810894 | AR | 0 | 0 | Yes | No |
| 9/25/2021 | KS2021E22597 | KS | 79KS3B | MO | 0 | 0 | Yes | No |
| 9/24/2021 | ILX002381650 | IL | 87KSOD | MO | 0 | 0 | Yes | No |
| 9/24/2021 | IN0903880213 | IN | 08KR3N | MO | 0 | 0 | Yes | No |
| 9/21/2021 | TX64NCHQE1SB | TX | 18AR5H | MO | 0 | 0 | Yes | No |
| 9/20/2021 | GA0008235538 | GA | 76KS1D | MO | 0 | 0 | Yes | No |
| 9/18/2021 | ILX002382513 | IL | 32AT4C | MO | 0 | 3 | Yes | No |
| 9/16/2021 | AL0001705468 | AL | 96AR5E | MO | 0 | 0 | Yes | No |
| 9/10/2021 | TN0103090168 | TN | 16KR4N | MO | 0 | 0 | Yes | No |
| 9/10/2021 | MO0000093052 | MO | 37KR7S | MO | 0 | 0 | Yes | No |
| 9/9/2021 | KY0072668842 | KY | 09KS6A | MO | 0 | 0 | Yes | No |
| 9/7/2021 | ILX002365174 | IL | 17KR1W | MO | 0 | 0 | Yes | No |
| 9/3/2021 | CO2021001273 | CO | 39KR6G | MO | 0 | 0 | Yes | No |
| 8/24/2021 | IN0903860926 | IN | JKLKJLK | MO | 0 | 1 | Yes | No |
| 8/18/2021 | OH0215153213 | OH | 71KS8B | MO | 0 | 0 | Yes | No |
| 8/16/2021 | NY3898446300 | NY | 44KR2D | MO | 0 | 1 | Yes | No |
| 8/15/2021 | TN0300731869 | TN | 95AR5E | MO | 0 | 0 | Yes | No |
| 8/10/2021 | AZ0000043603 | AZ | 27KR8S | MO | 0 | 0 | Yes | No |
| 8/8/2021 | OH0215142626 | OH | 25AT5C | MO | 0 | 0 | Yes | No |
| 8/4/2021 | IN0903852655 | IN | 00AR9F | MO | 0 | 0 | Yes | No |
| 8/2/2021 | LA2094930183 | LA | 34KR2G | MO | 0 | 0 | Yes | No |
| 7/29/2021 | GA0008155524 | GA | 98AR2E | MO | 0 | 0 | Yes | No |
| 7/13/2021 | AZ0000037689 | AZ | 91KR8H | MO | 0 | 0 | Yes | No |
| 7/7/2021 | MO0000091704 | MO | 27KR3G | MO | 0 | 0 | Yes | No |
| 7/1/2021 | MS9030210007 | MS | 03KR1N | MO | 0 | 0 | Yes | No |
| 6/28/2021 | CO2021000942 | CO | 11KR8N | MO | 0 | 0 | Yes | No |
| 6/26/2021 | VA0211795323 | VA | 62KR9E | MO | 0 | 0 | Yes | No |
| 6/21/2021 | NY3890552000 | NY | 20KR8N | MO | 0 | 1 | Yes | No |
| 6/19/2021 | IN0903820298 | IN | 26KR5V | MO | 1 | 0 | Yes | No |
| 6/18/2021 | OK0021014113 | OK | 23KR1W | MO | 0 | 1 | Yes | No |
| 6/14/2021 | TX61U8HQE13H | TX | 09KR5S | MO | 0 | 2 | Yes | No |
| 6/9/2021 | IN0903816424 | IN | 53KS5B | MO | 0 | 0 | Yes | No |
| 6/8/2021 | GA0008100774 | GA | 90KS5D | MO | 0 | 3 | Yes | No |
| 6/7/2021 | SC0021245668 | SC | 64KR4X | MO | 0 | 1 | Yes | No |
| 6/6/2021 | PA105225300X | PA | 07KR2B | MO | 0 | 0 | Yes | No |
| 6/2/2021 | FL8843928901 | FL | 86KR8K | MO | 0 | 0 | Yes | No |
| 5/30/2021 | TN0102993769 | TN | 34KR8P | MO | 0 | 0 | Yes | No |
| 5/27/2021 | TN0102997567 | TN | 66KR4F | MO | 0 | 0 | Yes | No |
| 5/14/2021 | TX6159HQE1Z5 | TX | 87KR3H | MO | 0 | 0 | Yes | No |
| 5/13/2021 | IN0903791955 | IN | 68KROW | MO | 0 | 1 | No | No |
| 5/8/2021 | IA2101239396 | IA | 95KR0A | MO | 0 | 0 | Yes | No |
| 4/23/2021 | LA6140032003 | LA | 00KR4N | MO | 0 | 1 | Yes | No |
| 4/23/2021 | OK0021009042 | OK | 01KR8N | MO | 0 | 0 | Yes | No |
| 4/23/2021 | IN0903784994 | IN | 49KR6G | MO | 0 | 0 | Yes | No |
| 4/22/2021 | MS9075210001 | MS | 61KR0F | MO | 0 | 1 | Yes | No |
| 4/22/2021 | ILX002221190 | IL | 94KR9H | MO | 0 | 1 | Yes | No |

| Report | | | Vehicle | | Crash | | | |
|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM |
| 4/21/2021 | UT2102399761 | UT | 50KS9B | MO | 0 | 1 | No | No |
| 4/20/2021 | VA0211245227 | VA | 59KS5B | MO | 0 | 0 | Yes | No |
| 4/19/2021 | MD21A0785125 | MD | 50K R0G | MO | 0 | 1 | Yes | No |
| 4/14/2021 | AR2021521036 | AR | 67KR1W | MO | 0 | 1 | Yes | No |
| 4/12/2021 | PA103427100X | PA | 02AR3B | MO | 0 | 2 | Yes | No |
| 4/1/2021 | NJ0021907039 | NJ | 44KR6D | MO | 0 | 0 | Yes | No |
| 3/20/2021 | MT2150163892 | MT | 76AP4L | MO | 0 | 2 | Yes | No |
| 3/12/2021 | MO0000089922 | MO | 20AS4B | MO | 0 | 0 | Yes | No |
| 3/11/2021 | TN0102924314 | TN | 74KR8H | MO | 3 | 2 | Yes | No |
| 2/25/2021 | OH0215033601 | OH | 39KR9D | MO | 0 | 0 | Yes | No |
| 2/22/2021 | PA102465500X | PA | 43KR8D | MO | 0 | 0 | Yes | No |
| 2/18/2021 | IN0903747190 | IN | 95KR0A | MO | 0 | 0 | Yes | No |
| 2/17/2021 | AR2021508906 | AR | 32KR0S | MO | 0 | 1 | Yes | No |
| 2/15/2021 | GA0007955382 | GA | 01AR0T | MO | 0 | 0 | Yes | No |
| 2/15/2021 | IN0903747333 | IN | 48KR2V | MO | 0 | 0 | Yes | No |
| 2/15/2021 | OK0021003741 | OK | 54AT9B | MO | 0 | 0 | Yes | No |
| 2/12/2021 | TX5YZAHQE132 | TX | 00AT5A | MO | 0 | 0 | Yes | No |
| 2/7/2021 | TN0102894726 | TN | 03AT3A | MO | 0 | 0 | Yes | No |
| 2/3/2021 | TN0102895154 | TN | 58KR7K | MO | 0 | 0 | Yes | No |
| 2/3/2021 | NC0106486104 | NC | ABC123 | MO | 0 | 1 | Yes | No |
| 1/25/2021 | AZ0000004362 | AZ | 90KR5X | MO | 0 | 0 | Yes | No |
| 1/23/2021 | TX5Y19HQE1H8 | TX | 76AP2B | MO | 0 | 0 | Yes | No |
| 1/23/2021 | CT2100033081 | CT | 33KR2G | MT | 0 | 2 | Yes | No |
| 1/19/2021 | NM0710747010 | NM | 52KR6E | MO | 0 | 0 | Yes | No |
| 1/10/2021 | AZ0000001559 | AZ | 00AN8S | MO | 0 | 0 | Yes | No |
| 1/9/2021 | GA0007916081 | GA | 71KR1W | MO | 0 | 0 | Yes | No |
| 1/9/2021 | ILX002120426 | IL | 14AROH | MO | 0 | 0 | Yes | No |
| 1/8/2021 | TX5XR7HQE1X4 | TX | 82KR4X | MO | 0 | 0 | Yes | No |

## CRASHES INCLUDED IN SMS (VEHICLES INVOLVED IN CRASHES)

**Total Number of Crashes: 633**

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 12/23/2022 | TN0103519444 | TN | 13KS7S | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/20/2022 | VA0223555342 | VA | 88AP1B | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 12/13/2022 | TN0103510137 | TN | 31KR38 | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/12/2022 | AL0002736727 | AL | 45KR6L | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/11/2022 | AZ0000069407 | AZ | 96KS2D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/10/2022 | AL0002736235 | AL | 43KR2G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/10/2022 | KS2022E24837 | KS | 68KR6K | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 12/10/2022 | WA000ED15905 | WA | 71KS7F | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/10/2022 | WI0000118704 | WI | O3KS4V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/9/2022 | ILX002863099 | IL | 96AS5F | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 12/8/2022 | CA1752200245 | CA | 01KS7E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/6/2022 | MO0000100199 | MO | 18KS2V | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 12/6/2022 | SC0022304210 | SC | 60KR6K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/3/2022 | MN0223370065 | MN | 56KR5E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/3/2022 | OH0225239092 | OH | O2KS4S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 12/3/2022 | AR2022574467 | AR | 94KS1D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/2/2022 | WY0202213758 | WY | 49KR2E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 12/2/2022 | WI0000118616 | WI | 71KS4M | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 11/29/2022 | MO0000100150 | MO | 01KR6S | MO | 0 | 3 | Yes | No | 2 | 3 | 6 |
| 11/23/2022 | MI0002742539 | MI | 40AS1N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/22/2022 | CA0009522809 | CA | 35KR3G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/20/2022 | MI0002737773 | MI | 38KR0D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/20/2022 | WA000ED06044 | WA | 28KR6G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/20/2022 | MEF00S061518 | ME | 28KR7S | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/20/2022 | TX6GHFHQE1L4 | TX | 34668235 | MO | 0 | 4 | Yes | No | 2 | 3 | 6 |
| 11/20/2022 | ND0001130623 | ND | 20KROB | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 11/18/2022 | LA2022046674 | LA | 44KR3D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/18/2022 | ILX002845587 | IL | 60KS0B | MO | 1 | 0 | Yes | No | 2 | 3 | 6 |
| 11/18/2022 | FL2493874102 | FL | 63KR1L | MO | 1 | 1 | Yes | No | 2 | 3 | 6 |
| 11/17/2022 | WV202227005A | WV | 25KR8W | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/16/2022 | AL0002727269 | AL | 62KS9B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/16/2022 | TX6GFEHQE1C3 | TX | 58KS4M | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 11/16/2022 | IA2201331194 | IA | 46KR3P | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/15/2022 | VA0223215024 | VA | 10KR3S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 11/14/2022 | FL2542473402 | FL | 75KS7B | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 11/14/2022 | ILX002829444 | IL | 24KR6S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 11/14/2022 | WY0202213659 | WY | 06KR5B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/14/2022 | LA2022045719 | LA | O2KS4A | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/12/2022 | PA210987300X | PA | 91AS1D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/10/2022 | CA5502206076 | CA | 09KS8A | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/7/2022 | SC0022274638 | SC | 44KR2L | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/5/2022 | PA210412200X | PA | 04KS1H | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/5/2022 | KY0072826370 | KY | 47KR8V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/4/2022 | IN0904150211 | IN | AE349 | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/3/2022 | AR2022567918 | AR | 14KS4S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 11/2/2022 | TN0103466599 | TN | 48KR0L | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 11/2/2022 | TN0103473723 | TN | 54KR6F | MO | 0 | 3 | Yes | No | 2 | 3 | 6 |
| 11/1/2022 | NY3957785100 | NY | 09KS8R | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/31/2022 | TN0300842560 | TN | 47KR4D | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/29/2022 | LA2022038448 | LA | | UK | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/29/2022 | AR2022565604 | AR | 41A849 | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/28/2022 | AZ0000060544 | AZ | 18KR4B | UK | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/27/2022 | MA1004187527 | MA | 61KR8E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/26/2022 | IN0904158316 | IN | 71KS3B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/24/2022 | TX6FOBHQE1YW | TX | 05KR5N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/22/2022 | TN0103456299 | TN | 63KR4X | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/21/2022 | ILX002799615 | IL | 68KS3B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/20/2022 | TX6FNEHQE1WV | TX | 26KR6V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/19/2022 | NC0107118076 | NC | 21KR9B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/19/2022 | VT0000260406 | VT | 11KS0A | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/17/2022 | KY0072817414 | KY | 41KROB | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/16/2022 | KY0072817039 | KY | 09KS2R | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/16/2022 | GA0008742801 | GA | 05KR5N | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/14/2022 | IN0904134873 | IN | 69KS3B | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/13/2022 | WI0000118154 | WI | 67KR6K | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/12/2022 | NC0107110332 | NC | 26AR9P | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/11/2022 | NC0107110900 | NC | 47KR4L | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/11/2022 | PA209394700X | PA | 97KR9Y | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 10/10/2022 | TN0103449513 | TN | 11KR1S | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 10/10/2022 | ILX002786971 | IL | 76KS7K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/10/2022 | CTAPD2214713 | CT | 10KS6H | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/10/2022 | TX6GO8HQE1YW | TX | 13KS5R | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/9/2022 | AL0002711192 | AL | 39KS8T | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/8/2022 | FL2532898102 | FL | 08KS1R | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/7/2022 | CO2022001583 | CO | 26AP5X | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/6/2022 | AR2022559880 | AR | 71KS6M | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/5/2022 | TN0103440494 | TN | 66KR1X | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 10/4/2022 | TN0103439364 | TN | 87KR4H | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/3/2022 | NC0107109306 | NC | 78KS8D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/3/2022 | GA0008730602 | GA | 53KR7D | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 10/2/2022 | FL8957782502 | FL | 70KS2M | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 10/2/2022 | VA0222785300 | VA | 07AT0A | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/30/2022 | VA0222745286 | VA | 24KR3W | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/30/2022 | WI0000118057 | WI | 22013339 | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/27/2022 | CA5252204777 | CA | 91KS1D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/24/2022 | KY0072808807 | KY | 78KR0X | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/24/2022 | VT0000259874 | VT | 64KS7K | MO | 0 | 0 | Yes | HM | 1 | 3 | 3 |
| 9/23/2022 | OH0225178105 | OH | 92KR1H | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/23/2022 | WY0202211129 | WY | 92KS7G | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 9/22/2022 | IN0904119105 | IN | 51KR1L | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/21/2022 | MO0000098825 | MO | 14KS3H | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/21/2022 | TX6ERAHQE16H | TX | 09KR6N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/20/2022 | VT0000259856 | VT | 49KR8G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/20/2022 | MD22A0955533 | MD | 49AT3B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/19/2022 | NC0107092015 | NC | 34KR3D | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 9/18/2022 | CA2402200387 | CA | 76KR9H | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/17/2022 | TN0103422726 | TN | 04KR4N | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 9/16/2022 | TX6EL9HQE1TN | TX | 81KR6K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/16/2022 | KY0072809220 | KY | 80KR9K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/16/2022 | MI0002676931 | MI | 01KS9A | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/15/2022 | MEB00S049398 | ME | 45KR4V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/14/2022 | PA208757400X | PA | 59KR6D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/13/2022 | MO0000098991 | MO | 66KS6M | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/10/2022 | KS2022E24422 | KS | 58KR8K | MO | 1 | 0 | Yes | No | 2 | 3 | 6 |
| 9/9/2022 | CA0009513256 | CA | 15KR6N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/8/2022 | TX6EDDHQE1FN | TX | 59KS2B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/7/2022 | AL0002696233 | AL | 65KS1M | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/7/2022 | CA0009508041 | CA | 66KR3H | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/3/2022 | CA6302201150 | CA | 58KR4F | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/2/2022 | IN0904103714 | IN | 21KR2B | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 9/1/2022 | LA2022016581 | LA | 58KS5K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 9/1/2022 | ILX002750868 | IL | 13KS9A | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 8/31/2022 | IA2201317283 | IA | 94KR0H | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 8/30/2022 | GA0008683278 | GA | 15KR7B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/30/2022 | NJ0022556736 | NJ | 59KR0F | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/29/2022 | CA5902204508 | CA | 63KS9K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/27/2022 | AR2022550220 | AR | 18AT5C | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/27/2022 | PA207879800X | PA | 07KR5N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 8/24/2022 | KS2022E24254 | KS | 56KR5E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/22/2022 | FL2499985302 | FL | 03KS9A | MS | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/19/2022 | NY3948136000 | NY | 25KR5G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/18/2022 | WI0000117766 | WI | 53KR3B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/17/2022 | FL2433865602 | FL | 81KR3A | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 8/16/2022 | MO0000098414 | MO | 89KS1G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/13/2022 | FL2499847802 | FL | 12KS2A | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/10/2022 | KY0072792343 | KY | 55KS8M | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 8/8/2022 | NC0107040533 | NC | 23KR3V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/5/2022 | PA207283600X | PA | 08KR7S | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 8/5/2022 | PA207324200X | PA | 07KR7S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 8/5/2022 | IN0904090293 | IN | 95KR3A | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 8/4/2022 | PA207343200X | PA | 60KR1E | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/3/2022 | MI0002638886 | MI | 06AR0B | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/3/2022 | CA8302200493 | CA | 23KR8V | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 8/2/2022 | MD22A0935805 | MD | 95KS8R | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/31/2022 | PA207116000X | PA | 22KR0W | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/31/2022 | MS9029220013 | MS | 12KR2S | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/31/2022 | CA8352200732 | CA | 17KR9N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/30/2022 | WV202217398A | WV | 31KR6D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/30/2022 | MS2403223479 | MS | 78KS6D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/29/2022 | TN0103371879 | TN | 90KS2R | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/29/2022 | OR2022430241 | OR | 52KR7F | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/25/2022 | KY0072786781 | KY | 53KR0L | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/23/2022 | ILX002711178 | IL | 87KS40 | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/19/2022 | SC0022258379 | SC | 87KR0H | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/18/2022 | FL2497547302 | FL | 28AT1C | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/17/2022 | OH0223130844 | OH | 31KR3W | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/16/2022 | NY3943453800 | NY | 68KS8F | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/15/2022 | MO0000097723 | MO | 44KR1G | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/15/2022 | GA0008617824 | GA | 65K102M | MN | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/14/2022 | AL0002674887 | AL | 66KR0K | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/13/2022 | AR2022543476 | AR | 66KR9X | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/12/2022 | FL2496256902 | FL | 78KR8H | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/11/2022 | GA0008619101 | GA | 97AR8E | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/9/2022 | TN0103353177 | TN | 25ATC | MO | 0 | 6 | Yes | No | 2 | 3 | 6 |
| 7/9/2022 | TN0103353177 | TN | 25ATC | MO | 0 | 6 | Yes | No | | | |
| 7/9/2022 | GA0008617023 | GA | 92KR5Y | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/9/2022 | NJ0022571188 | NJ | 34KR4G | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/8/2022 | AZ0000037262 | AZ | 71KR7W | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/8/2022 | IN0904070471 | IN | 04KR0N | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/7/2022 | OR2022430219 | OR | 27KR9S | MO | 0 | 1 | Yes | No | 2 | 3 | 6 |
| 7/6/2022 | NJ0022113970 | NJ | 91KS2D | MO | 0 | 1 | No | No | 2 | 3 | 6 |
| 7/4/2022 | MO0000097754 | MO | 97AP1K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/2/2022 | GA0008607151 | GA | 74KS1K | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 7/1/2022 | AR2022538833 | AR | 77KS7D | MO | 0 | 0 | Yes | No | 1 | 3 | 3 |
| 6/30/2022 | ILX002683002 | IL | 54KS0M | MO | 0 | 2 | Yes | No | 2 | 3 | 6 |
| 6/27/2022 | TX6CDGHQE1T4 | TX | 07AP8R | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 6/24/2022 | OH0223115151 | OH | 48KR2E | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/20/2022 | TX6C7AHQE1IG | TX | 56KS1B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 6/18/2022 | TN0103334093 | TN | 69KS0M | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/15/2022 | NE0222021614 | NE | 25AN0N | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/14/2022 | TN0103332696 | TN | 03KS9R | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/14/2022 | PA205984600X | PA | 98AR7B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/13/2022 | VA0221655252 | VA | 52AT2B | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 6/13/2022 | UT2204046096 | UT | 15KR7B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 6/11/2022 | MD22A0919973 | MD | 07KR6S | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 6/6/2022 | WI0000117095 | WI | 66KR9L | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/30/2022 | CT2200231508 | CT | 14KR4W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/27/2022 | MI0002595285 | MI | 66KR6H | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/26/2022 | TN0103312729 | TN | 34KR3P | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 5/25/2022 | AZ0003908716 | AZ | 92KS5G | MO | 0 | 1 | No | No | 2 | 2 | 4 |
| 5/24/2022 | PA205283300X | PA | 48KROV | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/23/2022 | CA5352202407 | CA | 98KS1D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/21/2022 | KY0072764191 | KY | 86KR0X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/20/2022 | KS2022E23929 | KS | 67KR5X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/19/2022 | NYSP44281300 | NY | 49KR9G | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/19/2022 | ILX002635474 | IL | 11KR65 | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/17/2022 | PA204877100X | PA | 06KR4B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/17/2022 | TX6BKBHQE1DN | TX | 30KR9D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/13/2022 | VA0221335069 | VA | 62KS5M | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 5/13/2022 | OK0022009439 | OK | 13KR8S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/13/2022 | ILX002637440 | IL | 65KS0F | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 5/12/2022 | CA4802200902 | CA | 43KR3B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/11/2022 | WA000EC45592 | WA | 37AP1G | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| Reviewed - Undecided: FMCSA reviewed this crash and could not make a preventability determination based on the evidence provided. | | | | | | | | | | | |
| 5/10/2022 | NY3934292700 | NY | 45KR7V | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/10/2022 | KS2022E23938 | KS | 50KR1D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/8/2022 | MO0000096784 | MO | 99KS6G | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/7/2022 | TN0103296026 | TN | 52KR2D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/5/2022 | IN0904027938 | IN | 65KR6W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/5/2022 | ILX002624871 | IL | 07KR2S | MO | 0 | 3 | Yes | No | 2 | 2 | 4 |
| 5/4/2022 | WY0202204946 | WY | 94KS0G | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/1/2022 | NYSP44136060 | NY | 99KR6A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 5/1/2022 | FL2491943902 | FL | 62KR6W | MO | 0 | 7 | Yes | No | 2 | 2 | 4 |
| 5/1/2022 | IN0904027509 | IN | 56KR5E | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/30/2022 | NJ0022110622 | NJ | 91KR9Y | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/29/2022 | KS2022E23736 | KS | 65KS7K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/28/2022 | WA000EC46751 | WA | 61KR1K | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 4/26/2022 | GA0008511377 | GA | 43KR4P | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 4/26/2022 | CA2652201284 | CA | 50KS8M | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/25/2022 | ILX002615016 | IL | 40KR8G | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/24/2022 | MO0000096499 | MO | 49KR4E | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/23/2022 | ND0001122724 | ND | 38KR2V | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/23/2022 | OK0022007973 | OK | 75KS4B | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 4/22/2022 | KS2022E23719 | KS | 72AP6W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/22/2022 | MD22A0906611 | MD | 07KS7A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/22/2022 | CO2022000666 | CO | 09KR4B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/21/2022 | KY0072752879 | KY | 88AS1D | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 4/21/2022 | TN0103286860 | TN | 37KR8L | MO | 0 | 4 | Yes | No | 2 | 2 | 4 |
| 4/19/2022 | IN0904022072 | IN | C3067 | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/18/2022 | FL2492963202 | FL | 75KR1K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/18/2022 | GA0008507863 | GA | 17KS24 | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 4/17/2022 | WY0202204511 | WY | 38KR9B | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 4/17/2022 | AL0002642102 | AL | 32KR9S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/17/2022 | ND0001122444 | ND | 54KR4L | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/16/2022 | VA0221085376 | VA | 1KR8W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/16/2022 | CA8252200107 | CA | 59KR1L | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 4/13/2022 | AL0002639555 | AL | 05KR6S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/9/2022 | MO0000096300 | MO | 74KS1B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/8/2022 | NYSP43978820 | NY | 90KR5X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 4/4/2022 | ILX002588554 | IL | 59KR4K | MO | 1 | 4 | Yes | No | 2 | 2 | 4 |
| 4/2/2022 | ILX002584401 | IL | 95KR8A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/31/2022 | ILX002585254 | IL | 40KR9P | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/30/2022 | KY0072745456 | KY | 20KRB7 | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/30/2022 | AZ0000017383 | AZ | 09B323 | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/30/2022 | KS2022E23630 | KS | 39KR3L | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/27/2022 | OK0022006256 | OK | 33KR7V | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/22/2022 | CA5452200393 | CA | 97KR3A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/21/2022 | WV202206592A | WV | 99KR0A | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 3/20/2022 | FL2490856202 | FL | 30KR3B | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 3/18/2022 | AZ0000015053 | AZ | 88K9XX | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/16/2022 | TN0103245284 | TN | 49KR3F | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/14/2022 | IA2201291509 | IA | 55KR4L | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 3/12/2022 | CA6602200057 | CA | 57KS5B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/11/2022 | TN0103240407 | TN | 12B364 | MS | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/11/2022 | KS2022E23468 | KS | 59KR7D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/11/2022 | MO0000095857 | MO | 11KS4H | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/11/2022 | MI0002544325 | MI | 53KS7B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/8/2022 | WV202205052A | WV | 42KR3D | MS | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/6/2022 | AZ0000012637 | AZ | 62KR7F | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/6/2022 | MD22A0892916 | MD | 40KR5D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/6/2022 | OH0225041121 | OH | 19KS1A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/6/2022 | WY0202204252 | WY | 59KS3B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/5/2022 | MO0000095758 | MO | 22AR8U | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/3/2022 | AR2022512567 | AR | 80KS7D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/2/2022 | NC0106880567 | NC | 72KR2X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/2/2022 | NC0106890440 | NC | 23AN8S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/1/2022 | SC0022510971 | SC | 82KR6K | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 3/1/2022 | TX6917HQE1HQ | TX | 57KS6F | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 3/1/2022 | TX69O8HQE1P6 | TX | 84KR5A | MS | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/28/2022 | GA0008442091 | GA | 04KS3ET | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/25/2022 | MA1004082755 | MA | 54KR9B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/24/2022 | AR2022511840 | AR | 24AR1H | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/23/2022 | AR2022510806 | AR | 93KR4Y | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/21/2022 | WV202204023A | WV | 49KR63 | MO | 0 | 0 | Yes | Yes | 2 | 2 | 4 |
| 2/21/2022 | AL0002619041 | AL | 53KR9D | MO | 1 | 0 | No | No | 2 | 2 | 4 |
| 2/21/2022 | OR2022430051 | OR | 49KR0L | MO | 0 | 3 | Yes | No | 2 | 2 | 4 |
| 2/20/2022 | AR2022510290 | AR | 82KR7A | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 2/20/2022 | CT2200078340 | CT | 83KR9K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/19/2022 | PA201981500X | PA | 36AP9G | MO | 0 | 4 | Yes | No | 2 | 2 | 4 |
| 2/19/2022 | PA203024900X | PA | 76KR9K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/18/2022 | AR2022510002 | AR | 17KR4N | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 2/18/2022 | MO0000095704 | MO | 09KR4N | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/17/2022 | IN0903984453 | IN | 3AKJHHDR3 | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/14/2022 | AR2022509302 | AR | 29KR4B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/14/2022 | LA0220007965 | LA | 30KR7P | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/14/2022 | OH0225027459 | OH | 51KR3F | MS | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/13/2022 | FL2489163202 | FL | 53KR9F | MO | 1 | 0 | Yes | No | 2 | 2 | 4 |
| 2/11/2022 | OH0225028406 | OH | 69KS5B | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/8/2022 | MA1004078632 | MA | 625833 | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/7/2022 | ILX002549900 | IL | 92KS5D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/6/2022 | IN0903982986 | IN | 97AR3B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/4/2022 | PA201423500X | PA | 71KS2B | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 2/4/2022 | TX68HEHQE1G1 | TX | 00AP4S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/4/2022 | PA202702800X | PA | 38KR3S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/4/2022 | VT0000252870 | VT | 53KR0B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/3/2022 | TX68O9HQE1PU | TX | 56KS7B | MO | 1 | 1 | Yes | No | 2 | 2 | 4 |
| 2/3/2022 | OH0223018918 | OH | 59KS0F | MO | 0 | 2 | Yes | No | 2 | 2 | 4 |
| 2/3/2022 | ILX002531777 | IL | 66KR5F | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/2/2022 | NM0710646220 | NM | 60KR6K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/2/2022 | MO0000095234 | MO | 31KR5W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 2/2/2022 | ILX002530865 | IL | 04KR7S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/31/2022 | AL0002610165 | AL | 71KR1X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/31/2022 | MA1004078583 | MA | 64KS8F | MO | 1 | 0 | Yes | No | 2 | 2 | 4 |
| 1/31/2022 | IN0903970188 | IN | 36KR3V | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/29/2022 | ILX002537744 | IL | 01KR8B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/27/2022 | TX686EHQE1LR | TX | 87KR1H | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/26/2022 | PA200974500X | PA | 94AS7D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/26/2022 | VA0220275006 | VA | 27KR2R | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/26/2022 | NM0710639282 | NM | 02KR6B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/25/2022 | PA202028400X | PA | 59KR2E | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/24/2022 | TN0103200735 | TN | 37AP6J | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 1/20/2022 | TN0103200254 | TN | 87KS1D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/16/2022 | VA0220185056 | VA | 31KR5S | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/16/2022 | TX686EHQE1LS | TX | 28KT75 | MO | 0 | 2 | No | No | 2 | 2 | 4 |
| 1/16/2022 | MO0000095074 | MO | 45KR9V | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/15/2022 | CA6302200052 | CA | 39AN3N | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/14/2022 | IN0903960623 | IN | 59K SOF | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/14/2022 | GA0008387765 | GA | 69AS7A | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/13/2022 | TN0103196046 | TN | 02KR1N | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/12/2022 | MT2250174742 | MT | 30AN9N | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/12/2022 | IN0903957822 | IN | 24AR6P | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/10/2022 | TX67Q9HQE1PQ | TX | 81KR8K | MO | 0 | 1 | No | No | 2 | 2 | 4 |
| 1/8/2022 | MI0002478779 | MI | 92KR4X | FL | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/8/2022 | TX683DHQE18E | TX | 32KR4D | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/8/2022 | GA0008390246 | GA | 49AN6S | MO | 0 | 3 | Yes | No | 2 | 2 | 4 |
| 1/7/2022 | MI0002477947 | MI | 67KR7K | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 1/7/2022 | TX67LAHQE1KZ | TX | 84A5PL | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 1/6/2022 | KY0072720229 | KY | 38KR9L | MO | 1 | 5 | Yes | No | 2 | 2 | 4 |
| 1/5/2022 | LA0220000253 | LA | 28KR9G | MO | 0 | 1 | Yes | No | 2 | 2 | 4 |
| 1/5/2022 | MI0002478912 | MI | 19KR8S | KY | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/5/2022 | AR2022500716 | AR | 67KS2F | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/5/2022 | MI0002478890 | MI | 19KR8S | KY | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/4/2022 | AL0002641699 | AL | 79KR5K | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/1/2022 | WA000EC07762 | WA | 64KR0W | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/1/2022 | NM0710643026 | NM | 73KR7X | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 1/1/2022 | ILX002496280 | IL | 12KROB | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 12/31/2021 | ID21C5923370 | ID | 89KRIX | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 12/31/2021 | PA200077400X | PA | 72KS5B | MO | 0 | 0 | Yes | No | 1 | 2 | 2 |
| 12/29/2021 | AL0001752821 | AL | 63KR9F | MO | 0 | 1 | Yes | Yes | 3 | 1 | 3 |
| 12/29/2021 | GA0008370420 | GA | 63KR1L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/28/2021 | WI0000115773 | WI | 57KR1E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/28/2021 | TX67HCHQE1DM | TX | 46KR9L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/28/2021 | NC0106833242 | NC | 60KR3F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/25/2021 | TN0103177622 | TN | 42AR4R | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 12/23/2021 | MI0002500459 | MI | 31KR5W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/22/2021 | VA0213575078 | VA | 36KR4P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/21/2021 | MO0000094357 | MO | 10KR0B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/20/2021 | MN0213540225 | MN | 38KR9P | MO | 0 | 2 | No | No | 2 | 1 | 2 |
| 12/20/2021 | OR2021430396 | OR | 64KR4W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/18/2021 | TX67B8HQE1US | TX | 22KR5W | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 12/18/2021 | MI0002461705 | MI | 64KR7E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/18/2021 | IN0903939829 | IN | 74K91X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/17/2021 | PA112387300X | PA | 30ATGC | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/16/2021 | MI0002457250 | MI | 82AP2V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/15/2021 | TN0103170024 | TN | 82AR2B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/15/2021 | TX676DHQE1OQ | TX | 85KR4H | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 12/14/2021 | AL0001745675 | AL | 70KR0H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/11/2021 | ILX002471783 | IL | 89KR1H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/10/2021 | MN0213440581 | MN | 25AR1P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/10/2021 | MN0213440583 | MN | 25AR1P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/8/2021 | KY0072706216 | KY | 45KR5B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/8/2021 | LA0210046521 | LA | 25KR5S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/8/2021 | OH0215248132 | OH | 52KR3E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/6/2021 | FL8838523001 | FL | 75KR0X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/5/2021 | MO0000094084 | MO | 86KR0H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/5/2021 | NH4382100068 | NH | 20KRSV | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/4/2021 | VA0213475122 | VA | 90KR6X | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 12/2/2021 | ME000-325-AC | ME | 91KR1Y | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/25/2021 | NC0106787352 | NC | 60KS1B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/25/2021 | ILX002459425 | IL | 03KR9B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/24/2021 | WY0202113867 | WY | 61KS2B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/22/2021 | WY0202113804 | WY | O4AR3K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/22/2021 | CT2100480274 | CT | 42A150 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/19/2021 | TX66CAHQE154 | TX | 24AR4 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/19/2021 | TX66DFHQE1BQ | TX | 18AR8U | MO | 0 | 3 | Yes | No | 2 | 1 | 2 |
| 11/17/2021 | GA0008316721 | GA | 65KR2L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/17/2021 | GA0008321361 | GA | 22KR0N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 90 of 118

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 11/14/2021 | MO0000093787 | MO | 01AS6G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/14/2021 | ILX002441061 | IL | 06KS1A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/12/2021 | GA0008330430 | GA | 63APOZ | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 11/11/2021 | MT2150170731 | MT | 61AAR3D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/10/2021 | TN0300756193 | TN | 44KR5G | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 11/9/2021 | MS5702219745 | MS | 60KS3F | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 11/4/2021 | IA2101269951 | IA | 33KR6P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/4/2021 | IN0903917269 | IN | 53KR5E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/3/2021 | CA7502110519 | CA | 64KR8K | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 11/3/2021 | ILX002431805 | IL | 18KR4N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 11/1/2021 | WY0202112868 | WY | 46KR2P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/29/2021 | TN0103126447 | TN | 94KS2D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/28/2021 | MA1004032860 | MA | 86KR2A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/25/2021 | PA110185900X | PA | 03AT9A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/24/2021 | ILX002415888 | IL | 05KR3B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/23/2021 | NC0106771898 | NC | 24KR8V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/23/2021 | CA4652111575 | CA | 32KR8V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/21/2021 | ILX002413848 | IL | 15KS1A | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 10/19/2021 | WY0202112308 | WY | 22KR8S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/19/2021 | AR2021564767 | AR | 53KR2F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/16/2021 | VA0212915004 | VA | 39KR3D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/13/2021 | TN0103113602 | TN | 42KR6V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/12/2021 | CA4612110496 | CA | 42KR3D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/12/2021 | CO2021001514 | CO | 72KS5F | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 10/10/2021 | AR2021563148 | AR | 35KR7B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/9/2021 | IN0903902549 | IN | 28KR7N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/8/2021 | NC0106722408 | NC | 52KR1L | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 10/8/2021 | MD21A0847081 | MD | 73KS2B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/5/2021 | MO0000092979 | MO | 78KS2D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/5/2021 | GA0008254260 | GA | 10A R0B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/4/2021 | OH0215191313 | OH | 99AR2E | MO | 0 | 1 | Yes | HM | 2 | 1 | 2 |
| 10/2/2021 | AR2021560621 | AR | 99KR4Y | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 10/2/2021 | VA0212755198 | VA | 70KR6X | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 10/2/2021 | NY3904093800 | NY | 69KS8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/30/2021 | OH0215187461 | OH | 87KS1D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/28/2021 | NC0106713383 | NC | 73KR9H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/26/2021 | FL8856902201 | FL | 76AP2B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 9/23/2021 | PA109252400X | PA | 66KR9K | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 9/22/2021 | ILX002379379 | IL | 47KR7L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/21/2021 | GA0008237273 | GA | 16KR5N | MS | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/18/2021 | PA109455100X | PA | 40KR8V | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 9/15/2021 | OK0021047652 | OK | 13AR8H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/15/2021 | GA0008229603 | GA | 99KROA | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/14/2021 | CT2100380471 | CT | 14AR2U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/13/2021 | CT2100378791 | CT | 50KR5F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/12/2021 | KS2021E22741 | KS | 12AN4S | MO | 1 | 0 | Yes | No | 2 | 1 | 2 |
| 9/11/2021 | TX64GBHQE1BG | TX | 43KR9D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/11/2021 | IN0903871978 | IN | 73KR2H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/10/2021 | MO0000092641 | MO | 96AR4J | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/10/2021 | NV0210900759 | NV | 90KR7Y | MO | 0 | 1 | No | No | 2 | 1 | 2 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 9/5/2021 | AR2021553206 | AR | 82KS2D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/3/2021 | MI0002364881 | MI | 75KR7X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/2/2021 | KY0072666116 | KY | 5OAT6B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 9/2/2021 | GA0008219014 | GA | 67AS9U | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 9/1/2021 | CT2100360000 | CT | 51AT6B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/31/2021 | MS2401214950 | MS | 85KR0H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/28/2021 | MO0000092523 | MO | 54KR8B | MO | 1 | 1 | Yes | No | 2 | 1 | 2 |
| 8/26/2021 | ILX002349432 | IL | 09B253 | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 8/20/2021 | LA1035248859 | LA | 66KR6K | MO | 0 | 1 | No | No | 2 | 1 | 2 |
| 8/19/2021 | MA1004004485 | MA | 93KR0Y | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 8/18/2021 | OH0216151898 | OH | MC042207 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/18/2021 | PA108417100X | PA | 01AR9B | MO | 0 | 2 | No | No | 2 | 1 | 2 |
| 8/17/2021 | KS2021E22178 | KS | 27KR3V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/14/2021 | TN0103061578 | TN | 37KR0P | MO | 0 | 1 | No | No | 2 | 1 | 2 |
| 8/14/2021 | CO2021001170 | CO | 48KR9L | MO | 1 | 2 | Yes | No | 2 | 1 | 2 |
| 8/12/2021 | AZ0000044034 | AZ | 51KR5B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/10/2021 | TN0103063535 | TN | 02KS2A | MI | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/8/2021 | AL0001688621 | AL | 72KR9K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/7/2021 | IN0903855502 | IN | 86KS8D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/6/2021 | GA0008165970 | GA | 59KS7B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/5/2021 | WY0202109369 | WY | 32AT7C | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/4/2021 | CA6302110401 | CA | 81KR7X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/4/2021 | ILX002340259 | IL | 92AP8K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/2/2021 | MI0002343276 | MI | 81KS8D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 8/2/2021 | NM0710785218 | NM | 64AS2B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/27/2021 | GA0008155204 | GA | RQK4630 | GA | 0 | 1 | No | No | 2 | 1 | 2 |
| 7/19/2021 | NC0106643571 | NC | 64AP1Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/19/2021 | CA2202110360 | CA | 67KRIM | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 7/17/2021 | AR2021542625 | AR | 51KR8E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/14/2021 | OK0021016473 | OK | 62KR4K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/13/2021 | MEE00S037036 | ME | 67KR7K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/11/2021 | MI0002317314 | MI | 89KR6X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/10/2021 | NM0710642345 | NM | 86KS6D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/8/2021 | IN0903856609 | IN | 29AT5C | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/7/2021 | FL8852992601 | FL | 78KR4H | MO | 1 | 0 | No | No | 2 | 1 | 2 |
| 7/7/2021 | IA2101249352 | IA | 65KR1F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/7/2021 | MI0002314295 | MI | 60AP9Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/7/2021 | NH3182100337 | NH | 10KR4N | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 7/7/2021 | NE0221031367 | NE | 02AP9R | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 7/6/2021 | MO0000091711 | MO | 17KR0B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 7/4/2021 | OH0213116998 | OH | 23KR9G | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 7/4/2021 | CT2100269061 | CT | 44KR8B | MT | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/30/2021 | AL0001672267 | AL | 01KR5B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/30/2021 | AR2021541994 | AR | 62KR5E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/28/2021 | TX629BHQE1Y6 | TX | 96AS5F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/26/2021 | MI0002304824 | MI | 79AT4B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/25/2021 | TN0103017519 | TN | 95AR2J | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/25/2021 | MO0000091439 | MO | 33AR8R | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/23/2021 | WV202115442A | WV | 73KS7B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/20/2021 | FL8850150101 | FL | 38KR2G | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 6/20/2021 | TX62FAHQE1BW | TX | 28KR3G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/17/2021 | NYSP41229360 | NY | 97KR1A | NY | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/17/2021 | AL0001666816 | AL | 25KR8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/16/2021 | IA2101245648 | IA | 26KR2B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 6/16/2021 | LA1085213073 | LA | 46KR6E | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 6/15/2021 | TN0103017605 | TN | 00AR2F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/14/2021 | LA0210024259 | LA | 89KR2X | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 6/10/2021 | IN0903819276 | IN | 64AP1Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/9/2021 | WI0000114122 | WI | 73KR9X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/9/2021 | ID21C5759480 | ID | 23KR8W | MO | 0 | 1 | No | No | 2 | 1 | 2 |
| 6/8/2021 | MA1003974762 | MA | 99KR6A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/8/2021 | MS2504215729 | MS | 41KR9G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/7/2021 | PA105934300X | PA | 64KR3F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/6/2021 | WV202112373A | WV | 29KR9N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/6/2021 | TN0300713854 | TN | 60KS2B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/6/2021 | PA105302100X | PA | 20AN4S | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 6/6/2021 | VA0211585067 | VA | 72K-R9K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/4/2021 | AL0001661171 | AL | 58KR8L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/4/2021 | IN0903805495 | IN | 78KS7D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/2/2021 | MO0000091058 | MO | 16KR6N | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 6/2/2021 | MD21A0815461 | MD | 45KR4P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 6/1/2021 | AL0001660091 | AL | 81AR9B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/28/2021 | GA0008083729 | GA | 88AN9R | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/28/2021 | ILU190507146 | IL | 49KR56 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/26/2021 | MA1003971461 | MA | 67KS2B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/25/2021 | NC0106584442 | NC | 54KS7B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/25/2021 | TN0102993403 | TN | 53AR2N | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/23/2021 | TN0102986094 | TN | 49KR5G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/22/2021 | TN0102991120 | TN | 35KR7P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/22/2021 | OH0215088758 | OH | 33KR4V | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/21/2021 | NJ0021158042 | NJ | 04B493 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/19/2021 | OH0215085179 | OH | 49KR8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/19/2021 | VA0211395208 | VA | 18KR3S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/19/2021 | MO0000093941 | MO | 18KR1N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/18/2021 | TN0102981711 | TN | 69KR9K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/18/2021 | WV202111465A | WV | 93AP7L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/18/2021 | CO2021000731 | CO | 80KR5H | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/17/2021 | NC0106576603 | NC | 30KR2D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/16/2021 | TX61D9HQE1EC | TX | 66KS0B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/16/2021 | DE0121039925 | DE | 63KR8E | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 5/15/2021 | IN0903803174 | IN | 51KS1B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 5/11/2021 | MEG00S022197 | ME | 22KR6S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/10/2021 | MO0000090718 | MO | 89KR3A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/9/2021 | FL8847512901 | FL | 09KR6S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/8/2021 | FL8847489201 | FL | 34KR4G | MO | 0 | 1 | No | No | 2 | 1 | 2 |
| 5/6/2021 | MA1003959686 | MA | 32KR0G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/5/2021 | LA0210020766 | LA | 73KR6K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/4/2021 | TN0300704813 | TN | 04KR6B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/3/2021 | PA104305300X | PA | 81KR3A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 5/3/2021 | ID21C5735450 | ID | 74KR9H | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 5/1/2021 | MO0000090933 | MO | 43KR9G | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 4/30/2021 | TN0102966026 | TN | 48KR7D | TN | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/30/2021 | AZ0000023072 | AZ | 77KR5K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/30/2021 | FL8847199701 | FL | 88AS3D | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/29/2021 | VA0211225201 | VA | 50KR8G | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/28/2021 | KS2021E21689 | KS | 48KR4F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/25/2021 | MI0002261732 | MI | 96AR8J | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/23/2021 | AR2021522418 | AR | 59KR8F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/21/2021 | PA104995600X | PA | 98AP4V | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/20/2021 | OH0216067342 | OH | 49KR2E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/19/2021 | NC0106563699 | NC | 45A801 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/19/2021 | MD21A0784407 | MD | 04KR4N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/18/2021 | GA0008028029 | GA | 16KR7N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/14/2021 | NC0106551387 | NC | 63KR1F | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/14/2021 | FL8848165601 | FL | 16AT5C | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/12/2021 | ILX002210968 | IL | 65KS5B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/11/2021 | NC0106544371 | NC | 23KR3S | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 4/10/2021 | AL0001638073 | AL | 60KR8W | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 4/10/2021 | KY0072616215 | KY | 56KS4B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 4/8/2021 | KY0072611482 | KY | 32AP8G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| Reviewed - Preventable: FMCSA reviewed this crash and determined that it was preventable. | | | | | | | | | | | |
| 4/6/2021 | TX606AHQE17G | TX | 35KP0B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 3/30/2021 | ILX002209055 | IL | 55KR4E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/26/2021 | PA103217900X | PA | 19AS4B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/25/2021 | NYSP40562830 | NY | 00AR9B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 3/25/2021 | CT2100119933 | CT | 19AT4C | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/24/2021 | PA102727800X | PA | 64KROX | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/23/2021 | PA102712100X | PA | 34KR7D | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 3/23/2021 | NE0221016158 | NE | 98KR3A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/21/2021 | NC0106520755 | NC | 51KR2E | MO | 0 | 4 | Yes | No | 2 | 1 | 2 |
| 3/19/2021 | FL8842537501 | FL | 61KR2W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/18/2021 | TX5ZI8HQE1YF | TX | 10KS3A | TX | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 3/18/2021 | PA102758500X | PA | 50KR2L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/17/2021 | GA0007995530 | GA | 25KR8S | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 3/16/2021 | AZ0000014171 | AZ | 89KROX | TX | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/15/2021 | NYSP40511220 | NY | 44KR0B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/14/2021 | ILX002181795 | IL | 14KR8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/13/2021 | KY0072604874 | KY | 99KR6Y | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/10/2021 | WY0202102728 | WY | 63KR5E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/8/2021 | CA2222100095 | CA | 49KR2G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/8/2021 | CA8602100981 | CA | 32AP4G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/7/2021 | NJ0021121668 | NJ | 31KR7D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/4/2021 | VA0210655032 | VA | 04AT2A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 3/3/2021 | TN0102914278 | TN | 22AR9H | MO | 0 | 3 | Yes | No | 2 | 1 | 2 |
| 3/3/2021 | IN0903752229 | IN | 17AT9C | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/28/2021 | TN0102911769 | TN | 42A463 | TN | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/27/2021 | GA0007971405 | GA | 00KR6N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/24/2021 | GA0007971143 | GA | 36K R2P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/23/2021 | NC0106498188 | NC | 20AR6U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/22/2021 | MI0002214588 | MI | 62AP5Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 2/22/2021 | VA0210535245 | VA | 62KR9F | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 2/17/2021 | CT2100068039 | CT | 09KR3N | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| 2/17/2021 | PA101861900X | PA | 48AT7B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 2/17/2021 | TX5YLEHQE1FZ | TX | 65AS6U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/16/2021 | MEB00S007052 | ME | 05KR8N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/15/2021 | OK0021003742 | OK | 98KR1Z | MO | 0 | 2 | Yes | No | 2 | 1 | 2 |
| Reviewed - Undecided: FMCSA reviewed this crash and could not make a preventability determination based on the evidence provided. | | | | | | | | | | | |
| 2/14/2021 | TX6047HQE11J | TX | 13KS8A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/13/2021 | TN0102900627 | TN | UNK | MO | 0 | 5 | Yes | No | 2 | 1 | 2 |
| 2/13/2021 | LA0210007667 | LA | 69AS9U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/13/2021 | IA2101231633 | IA | 69KR2W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/13/2021 | IA2101227058 | IA | 92AR1E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/12/2021 | WY0202101612 | WY | 07KR1S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/11/2021 | KY0072593577 | KY | 25AR5U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/11/2021 | MO0000089382 | MO | 89AN6R | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/11/2021 | TX5Z5AHQE1AA | TX | 49KR4D | MO | 6 | 86 | Yes | No | 2 | 1 | 2 |
| 2/10/2021 | LA0210009724 | LA | 92AROE | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/10/2021 | MO0000089825 | MO | 34KRS | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/10/2021 | MD21A0767867 | MD | AG79930 | PA | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 2/10/2021 | OK0021003324 | OK | 82KR6A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/9/2021 | MO0000089248 | MO | | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/7/2021 | MD21A0766000 | MD | 30KR2S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/6/2021 | GA0007945225 | GA | 27KR9V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/6/2021 | OK0021002791 | OK | 13KR3S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/5/2021 | MI0002199817 | MI | 29K0S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/3/2021 | CT2100048191 | CT | 61AS2U | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/3/2021 | PA101604900X | PA | 26KR3V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 2/2/2021 | NC0106479817 | NC | 22AS6B | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 1/31/2021 | IN0903734388 | IN | 14AR5H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/28/2021 | NJ0021503021 | NJ | 21KR4N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/27/2021 | MT2150142378 | MT | 72KR5X | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/26/2021 | CT2100037517 | CT | 52AT8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/26/2021 | MI0002198436 | MI | 46KR9G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/26/2021 | CA4202100393 | CA | 79KR1W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/25/2021 | WI0000113029 | WI | 72KR1K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/24/2021 | NM0710639270 | NM | 34KR9G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/23/2021 | OH0214041280 | OH | 94KRZA | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/22/2021 | OR2021430028 | OR | 74KR8K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/21/2021 | NC0106476970 | NC | 19KR2S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/20/2021 | WY0202101075 | WY | 80KROW | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/20/2021 | OH0213012423 | OH | 20KR4V | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 1/20/2021 | ILX002129135 | IL | 43KR8B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/16/2021 | MI0002185206 | MI | 82AR9K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/15/2021 | IA2101222057 | IA | 65AP2Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/15/2021 | IA2101222270 | IA | 27AN2N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/15/2021 | VA0210205152 | VA | 46KROG | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/15/2021 | NE0221001574 | NE | 83AR9K | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/14/2021 | MO0000088841 | MO | 38KR5L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/14/2021 | TX5XOAHQE1VP | TX | 25KR4S | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |

| Report | | | Vehicle | | Crash | | | | Measure = | Sum of the Total Weight (TotW) Avg. PU × UF = 9,222 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date | Number | State | Plate Number | Plate State | Fatal | Inj. | Tow. | HM | Severity Weight (SW) | Time Weight (TiW) | Total Weight (TotW) |
| 1/14/2021 | TX5XUBHQE176 | TX | 93AR3B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/14/2021 | NJ0021900859 | NJ | 58AR4D | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/13/2021 | WV202101571A | WV | 28AR9A | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/13/2021 | OR2021430014 | OR | 25AT3C | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| 1/12/2021 | MI0002206045 | MI | 28KR6N | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/11/2021 | VA0210115203 | VA | 96AR9J | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/10/2021 | NYSP39996400 | NY | 66KR4L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/9/2021 | MS1702210123 | MS | 03AS8G | MO | 0 | 1 | Yes | No | 2 | 1 | 2 |
| Reviewed - Undecided: FMCSA reviewed this crash and could not make a preventability determination based on the evidence provided. | | | | | | | | | | | |
| 1/8/2021 | MT2150160282 | MT | 49KR4L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/8/2021 | NJ0021100597 | NJ | 51KR3L | MI | 0 | 1 | No | No | 2 | 1 | 2 |
| 1/5/2021 | AR2021500588 | AR | 24KR6V | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/4/2021 | TX5XG6HQE1GW | TX | 46KR9E | MO | 0 | 1 | No | No | 2 | 1 | 2 |
| 1/4/2021 | TX5XM9HQE1PI | TX | 15KR3B | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/4/2021 | AL0001607243 | AL | 76AP4W | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/4/2021 | NJ0021105045 | NJ | 36KR9P | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/2/2021 | GA0007908105 | GA | 66AP7Z | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/2/2021 | GA0007909126 | GA | 97AR55 | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 1/1/2021 | MO0000088664 | MO | 52KR7L | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/31/2020 | PA100320500X | PA | 64KR1E | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/31/2020 | MO0000089039 | MO | 87KR0H | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |
| 12/30/2020 | IN0903715709 | IN | 33AP9G | MO | 0 | 0 | Yes | No | 1 | 1 | 1 |

## Summary of Activities

The summary includes information on the 5 most recent investigations and 24 months of inspections and crash history.

Most Recent Investigation: 1/24/2022 (Non-Ratable Review)
Total Inspections: 15,926
    Total Inspections without Violations used in SMS: 11,616
    Total Inspections with Violations used in SMS: 4,310
Total Crashes* : 787

*Crashes listed represent a motor carrier's involvement in reportable crashes, regardless of the carrier's or driver's role in the crash. Continue for details.

Acute/Critical Violations cited within last 12 months from an investigation.

## Carrier Registration

Subject to General Threshold

## Enforcement Cases

(Six years as of 01/16/2023 updated monthly from FMCSA)

No penalties found

## USE OF SMS DATA/INFORMATION

### FAST Act of 2015:

Readers should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system. Unless a motor carrier has received an UNSATISFACTORY safety rating under part 385 of title 49, Code of Federal Regulations, or has otherwise been ordered to discontinue operations by the Federal Motor Carrier Safety Administration, it is authorized to operate on the Nation's roadways.

### Safety Measurement System:

The data in the Safety Measurement System (SMS) is performance data used by the Agency and Enforcement Community. A ⚠ symbol, based on that data, indicates that FMCSA may prioritize a motor carrier for further monitoring.

The ⚠ symbol is not intended to imply any federal safety rating of the carrier pursuant to 49 USC 31144. Readers should not draw conclusions about a carrier's overall safety condition simply based on the data displayed in this system. Unless a motor carrier in the SMS has received an UNSATISFACTORY safety rating pursuant to 49 CFR Part 385, or has otherwise been ordered to discontinue operations by the FMCSA, it is authorized to operate on the nation's roadways.

Motor carrier safety ratings are available at http://safer.fmcsa.dot.gov and motor carrier licensing and insurance status are available at http://li-public.fmcsa.dot.gov/.

○ USDOT Number  ○ MC/MX Number  ○ Name

Enter Value: 3706

Search

**ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating**

**Other Information for this Carrier**

▼ SMS Results
▼ Licensing & Insurance

**Carriers:** If you would like to update the following ID/Operations information, please complete and submit form MCS-150 which can be obtained online or from your State FMCSA office. If you would like to challenge the accuracy of your company's safety data, you can do so using FMCSA's DataQs system.

**Carrier and other users:** FMCSA provides the Company Safety Profile (CSP) to motor carriers and the general public interested in obtaining greater detail on a particular motor carrier's safety performance then what is captured in the Company Snapshot. To obtain a CSP please visit the CSP order page or call (800)832-5660 or (703)280-4001 (Fee Required).

For help on the explanation of individual data fields, click on any field name or for help of a general nature go to **SAFER General Help**.

**The information below reflects the content of the FMCSA management information systems as of 01/16/2023.**

To find out if this entity has a pending insurance cancellation, please click here.

| | | | |
|---|---|---|---|
| **Entity Type:** | CARRIER/BROKER | | |
| **Operating Status:** | AUTHORIZED FOR Property | **Out of Service Date:** | None |
| **Legal Name:** | NEW PRIME INC | | |
| **DBA Name:** | PRIME INC | | |
| **Physical Address:** | 2740 NORTH MAYFAIR AVE SPRINGFIELD, MO 65803 | | |
| **Phone:** | (417) 521-3519 | | |
| **Mailing Address:** | PO BOX 4208 SPRINGFIELD, MO 65808 | | |
| **USDOT Number:** | 3706 | **State Carrier ID Number:** | |
| **MC/MX/FF Number(s):** | MC-140665 | **DUNS Number:** | 15-218-2473 |
| **Power Units:** | 7,657 | **Drivers:** | 9,538 |
| **MCS-150 Form Date:** | 09/07/2022 | **MCS-150 Mileage (Year):** | 841,738,849 (2021) |

**Operation Classification:**

| | | |
|---|---|---|
| x Auth. For Hire | Priv. Pass.(Non-business) | State Gov't |
| Exempt For Hire | Migrant | Local Gov't |
| Private(Property) | U.S. Mail | Indian Nation |
| Priv. Pass. (Business) | Fed. Gov't | X GENERAL FR |

**Carrier Operation:**

| | | |
|---|---|---|
| x Interstate | Intrastate Only (HM) | Intrastate Only (Non-HM) |

**Cargo Carried:**

| | | |
|---|---|---|
| x General Freight | Liquids/Gases | x Chemicals |
| Household Goods | x Intermodal Cont. | Commodities Dry Bulk |
| x Metal: sheets, coils, rolls | Passengers | x Refrigerated Food |
| Motor Vehicles | Oilfield Equipment | x Beverages |
| Drive/Tow away | Livestock | x Paper Products |
| x Logs, Poles, Beams, Lumber | Grain, Feed, Hay | Utilities |
| x Building Materials | Coal/Coke | x Agricultural/Farm Supplies |
| Mobile Homes | x Meat | Construction |
| x Machinery, Large Objects | Garbage/Refuse | Water Well |
| x Fresh Produce | US Mail | |

**ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating**

US Inspection results for 24 months prior to: 01/16/2023

Total Inspections: 15975
Total IEP Inspections: 0

**Note:** Total inspections may be less than the sum of vehicle, driver, and hazmat inspections. Go to Inspections Help for further information.

| Inspection Type | Vehicle | Driver | Hazmat | IEP |
|---|---|---|---|---|
| Inspections | 8439 | 15949 | 147 | 0 |
| Out of Service | 759 | 217 | 3 | 0 |
| Out of Service % | 9% | 1.4% | 2% | 0% |
| Nat'l Average % as of DATE 12/30/2022* | 21.99% | 6.53% | 4.52% | N/A |

*OOS rates calculated based on the most recent 24 months of inspection data per the latest monthly SAFER Snapshot.

### Crashes reported to FMCSA by states for 24 months prior to: 01/16/2023

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 26 | 225 | 549 | 800 |

ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating

### Canadian Inspection results for 24 months prior to: 01/16/2023

Total inspections: 0

**Note:** Total inspections may be less than the sum of vehicle and driver inspections. Go to Inspections Help for further information.

| Inspection Type | Vehicle | Driver |
|---|---|---|
| Inspections | 0 | 0 |
| Out of Service | 0 | 0 |
| Out of Service % | 0% | 0% |

### Crashes results for 24 months prior to: 01/16/2023

**Note:** Crashes listed represent a motor carrier's involvement in reportable crashes, without any determination as to responsibility.

| Type | Fatal | Injury | Tow | Total |
|---|---|---|---|---|
| Crashes | 0 | 0 | 0 | 0 |

ID/Operations | Inspections/Crashes In US | Inspections/Crashes In Canada | Safety Rating

*The Federal safety rating does not necessarily reflect the safety of the carrier when operating in intrastate commerce.*

Carrier Safety Rating:

### The rating below is current as of: 01/16/2023

### Review Information:

| Rating Date: | 03/20/2009 | Review Date: | 01/24/2022 |
|---|---|---|---|
| Rating: | Satisfactory | Type: | Non-Ratable |

SAFER Home | Feedback | Privacy Policy | USA.gov | Freedom of Information Act (FOIA) | Accessibility | OIG Hotline | Web Policies and Important Links | Plug-ins

Federal Motor Carrier Safety Administration
1200 New Jersey Avenue SE, Washington, DC 20590 • 1-800-832-5660 • TTY: 1-800-877-8339 • Field Office Contacts

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 99 of 118

# EXHIBIT 8


# How much do lawyers charge in New Mexico?

The typical lawyer in New Mexico charges between **$164** and **$342** per hour. Costs vary depending on the type of lawyer, so review our lawyer rates table to find out the average cost to hire an attorney in New Mexico.

| Practice Type | Average Hourly Rate |
|---|---|
| Administrative | $174 |
| Appellate | $200 |
| Bankruptcy | $282 |
| Business | $286 |
| Civil Litigation | $203 |
| Civil Rights/Constitutional Law | $214 |
| Collections | $297 |
| Commercial/Sale of Goods | $293 |
| Construction | $294 |
| Contracts | $298 |
| Corporate | $219 |
| Criminal | $264 |


| | |
|---|---|
| Employment/Labor | $219 |
| Family | $262 |
| Government | $250 |
| Immigration | $174 |
| Insurance | $168 |
| Intellectual Property | $267 |
| Juvenile | $229 |
| Mediation/Arbitration | $342 |
| Medical Malpractice | $285 |
| Personal Injury | $168 |
| Real Estate | $256 |
| Tax | $199 |
| Traffic Offenses | $281 |
| Trusts | $267 |
| Wills & Estates | $259 |
| Worker's Compensation | $164 |

# EXHIBIT 9

 
# How much do lawyers charge in Arizona?

The typical lawyer in Arizona charges between **$142** and **$455** per hour. Costs vary depending on the type of lawyer, so review our lawyer rates table to find out the average cost to hire an attorney in Arizona.

| Practice Type | Average Hourly Rate |
|---|---|
| Administrative | $205 |
| Appellate | $283 |
| Bankruptcy | $369 |
| Business | $324 |
| Civil Litigation | $298 |
| Civil Rights/Constitutional Law | $405 |
| Collections | $290 |
| Commercial/Sale of Goods | $357 |
| Construction | $303 |
| Contracts | $243 |
| Corporate | $317 |
| Criminal | $142 |

| | |
|---|---|
| Elder Law | $171 |
| Employment/Labor | $300 |
| Family | $269 |
| Government | $320 |
| Immigration | $298 |
| Insurance | $177 |
| Intellectual Property | $357 |
| Juvenile | $146 |
| Mediation/Arbitration | $342 |
| Medical Malpractice | $455 |
| Personal Injury | $301 |
| Real Estate | $299 |
| Tax | $316 |
| Traffic Offenses | $355 |
| Trusts | $326 |
| Wills & Estates | $335 |
| Worker's Compensation | $346 |

# EXHIBIT 10

Case 6:22-cv-03037-MDH    Document 112-1    Filed 12/01/23    Page 106 of 118

 
# How much do lawyers charge in Colorado?

The typical lawyer in Colorado charges between **$122** and **$510** per hour. Costs vary depending on the type of lawyer, so review our lawyer rates table to find out the average cost to hire an attorney in Colorado.

| Practice Type | Average Hourly Rate |
| --- | --- |
| Administrative | $257 |
| Appellate | $208 |
| Bankruptcy | $321 |
| Business | $324 |
| Civil Litigation | $283 |
| Civil Rights/Constitutional Law | $510 |
| Collections | $281 |
| Commercial/Sale of Goods | $352 |
| Construction | $240 |
| Contracts | $320 |
| Corporate | $351 |
| Criminal | $225 |

| | |
|---|---|
| Elder Law | $150 |
| Employment/Labor | $316 |
| Family | $266 |
| Government | $233 |
| Immigration | $269 |
| Insurance | $179 |
| Intellectual Property | $350 |
| Juvenile | $122 |
| Mediation/Arbitration | $364 |
| Medical Malpractice | $249 |
| Personal Injury | $245 |
| Real Estate | $327 |
| Small Claims | $187 |
| Tax | $342 |
| Traffic Offenses | $393 |
| Trusts | $335 |
| Wills & Estates | $305 |

# EXHIBIT 11

 
# How much do lawyers charge in Texas?

The typical lawyer in Texas charges between **$159** and **$433** per hour. Costs vary depending on the type of lawyer, so review our lawyer rates table to find out the average cost to hire an attorney in Texas.

| Practice Type | Average Hourly Rate |
|---|---|
| Administrative | $329 |
| Appellate | $292 |
| Bankruptcy | $433 |
| Business | $317 |
| Civil Litigation | $328 |
| Civil Rights/Constitutional Law | $363 |
| Collections | $287 |
| Commercial/Sale of Goods | $330 |
| Construction | $285 |
| Contracts | $303 |
| Corporate | $367 |
| Criminal | $215 |

| | |
|---|---|
| Elder Law | $273 |
| Employment/Labor | $347 |
| Family | $301 |
| Government | $261 |
| Immigration | $297 |
| Insurance | $278 |
| Intellectual Property | $384 |
| Juvenile | $159 |
| Mediation/Arbitration | $422 |
| Medical Malpractice | $198 |
| Personal Injury | $283 |
| Real Estate | $298 |
| Small Claims | $265 |
| Tax | $358 |
| Traffic Offenses | $413 |
| Trusts | $333 |
| Wills & Estates | $315 |
| Worker's Compensation | $168 |

# EXHIBIT 12



# How much do lawyers charge in California?

The typical lawyer in California charges between **$90** and **$483** per hour. Costs vary depending on the type of lawyer, so review our lawyer rates table to find out the average cost to hire an attorney in California.

| Practice Type | Average Hourly Rate |
| --- | --- |
| Administrative | $325 |
| Appellate | $391 |
| Bankruptcy | $430 |
| Business | $367 |
| Civil Litigation | $351 |
| Civil Rights/Constitutional Law | $404 |
| Collections | $336 |
| Commercial/Sale of Goods | $385 |
| Construction | $259 |
| Contracts | $343 |
| Corporate | $412 |
| Criminal | $288 |

| | |
|---|---|
| Elder Law | $318 |
| Employment/Labor | $364 |
| Family | $349 |
| Government | $328 |
| Immigration | $303 |
| Insurance | $324 |
| Intellectual Property | $420 |
| Juvenile | $90 |
| Mediation/Arbitration | $373 |
| Medical Malpractice | $219 |
| Personal Injury | $287 |
| Real Estate | $390 |
| Small Claims | $240 |
| Tax | $483 |
| Traffic Offenses | $262 |
| Trusts | $361 |
| Wills & Estates | $375 |
| Worker's Compensation | $188 |

# EXHIBIT 13

# Joseph J. Roper

| | |
|---|---|
| **From:** | Angela M. Cole <Angela.Cole@heplerbroom.com> |
| **Sent:** | Friday, January 20, 2023 3:56 PM |
| **To:** | 'jroper@fwpclaw.com' |
| **Cc:** | Meg L. Fowler |
| **Subject:** | [EXTERNAL SENDER] New Prime v. AmWins et al. |
| **Attachments:** | Herrera Complaint and New Prime Answer.pdf |

 IRONSCALES couldn't recognize this email as this is the first time you received an email from this sender Angela.Cole @heplerbroom.com

This message originated from outside your organization

Mr. Roper,

Meg asked that I send you the following information for your review.

**Modrall's rates:**

| Person | Level | Rate | Hours | Amount |
|---|---|---|---|---|
| Donald A Decandia | Shareholder | $365.00 | 68.10 | $24,856.50 |
| Nathan T Nieman | Shareholder | $255.00 | 79.40 | $20,247.00 |
| R. E Thompson | Shareholder | $396.00 | 45.60 | $18,012.00 |
| Tim L Fields | Shareholder | $370.00 | 83.70 | $30,969.00 |
| Luke W. Holmen | Associate | $190.00 | 104.90 | $19,931.00 |
| Mia L. Kern | Associate | $240.00 | 14.60 | $3,504.00 |
| David J Harrigan | Paralegal | $165.00 | 16.20 | $2,673.00 |
| Jessica A Morin | Paralegal | $180.00 | 42.20 | $7,596.00 |

**Rodey's rates:**

**Fee Summary:**

|  | | THIS BILL | | |
|---|---|---|---|---|
| Atty | Name | Rank | Rate | Hours |
| KAT | Krystle A. Thomas | Director | 300 | 2.4 |
| RNF | R. Nelson Franse | Director | 525 | 99.9 |
| | **Total Legal Fees** | | | **102.3** $ |

Thank you,
Angie Cole

 HEPLERBROOMʟʟᴄ

**Angela M. Cole**
**Legal Secretary**
Angela.Cole@heplerbroom.com
Phone: 314-480-4172
701 Market Street, Suite 1400, St. Louis, MO 63101
www.HeplerBroom.com | vCard

**HEPLERBROOM LLC NOTICES: This message, including attachments, is confidential and may contain information protected by the attorney-client privilege or work product doctrine. If you are not the addressee, any disclosure, copying, distribution, or use of the contents of this message are prohibited. If you have received this email in error, please destroy it and notify me immediately. In compliance with the IRS, any tax advice contained in this message is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing, or recommending to others any tax-related matter(s) addressed here.**

Email communication is not a secure method of communication. Please contact me immediately if you want future communications to be sent via a different medium.

This email has been scanned for viruses and malware by **Mimecast**.

CONFIDENTIALITY NOTE: This message is from a law firm and contains information for the sole use of the intended recipient that may be privileged, attorney work product, or exempt from disclosure under applicable law. If you are not the intended recipient, any distribution, dissemination, or copying of this message, including any attachments, is strictly prohibited. If you received this message in error, or are not the proper recipient, please notify the sender at either the email address or telephone number above and delete this email (and any attachments) from your computer without copying or forwarding it. Thank you.