# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

NEW PRIME, INC.,

      Plaintiff,

v.

MCGRIFF INSURANCE SERVICES, INC.,
as successor in interest to REGIONS
INSURANCE, INC.,

and

AMWINS BROKERAGE OF THE
MIDWEST, LLC,

      Defendants.

Case No. 6:22-cv-03037-S-MDH

## DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO EXCLUDE THE EXPERT REPORT, TESTIMONY AND OPINIONS OF PLAINTIFF'S EXPERT GARY GREENFIELD

COMES NOW Defendants, AmWins Brokerage of the Midwest, LLC (hereafter "AmWins") and McGriff Insurance Services, Inc., as successor in interest to Regions Insurance, Inc., (hereafter "Regions") by and through undersigned counsel, and for their Joint Reply in Support of Their Motion to Exclude the Reports, Testimony and Opinions of Plaintiff's Expert Gary Greenfield, and Memorandum in Support thereof, state:

## ARGUMENT

Mr. Greenfield's opinions regarding the reasonable of the selection of counsel and the reasonableness of the attorneys' fees incurred by Prime in defending the Herrera Suit[1] do not pass

---

[1] For ease of reference, AmWins and Regions will use the same shorthand that it used in prior briefing on this motion.

1

4888-3836-8919.1

the standard described in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993). Prime's Opposition [Doc. 112] reiterated the problems with Mr. Greenfield's opinions – he simply is not qualified to offer his opinions.

Regions and AmWins offer the following in reply to each point made by Prime in the Opposition.

**I.      Mr. Greenfield's Testimony Should Not Be Permitted to "Aid" the Jury.**

Prime claims that Mr. Greenfield is qualified to offer his opinion that it was reasonable for Prime to hire Gibson Dunn to defend the Herrera Suit.  Prime argues that Mr. Greenfield has the requisite experience because he has spent three decades analyzing legal fees and advising clients how to manage litigation costs.  *See* Opposition, p. 3 [Doc. 112].  Through these decades, Mr. Greenfield has conducted hundreds of analyses of litigation costs and then testified dozens of times.  *Id.*  He has even spoken about legal fees, fee audits, and litigation management.  *Id.* at 3-4. Prime does not connect the dots.  Prime cannot explain how his experience relates in any way to the hiring of counsel.  Mr. Greenfield's experience is limited to looking at legal bills generated after a client already has decided which counsel to retain.  Perhaps if Mr. Greenfield spent the last thirty years consulting with clients on how to best select counsel, Prime might have a better argument that his experience informed his opinion.

**II.     Mr. Greenfield Is Not Qualified to Opine on the Reasonableness of the Fees.**

Prime again argues that Mr. Greenfield has the requisite experience because he has spent three decades analyzing legal fees and advising clients how to manage litigation costs.  *See* Opposition, p. 4-7 [Doc. 112].  He has opined on the reasonableness of legal fees in a broad range of cases, like anti-SLAPP claims, legal malpractice, unlawful detainer, and Constitutional

2

violations.  *Id.* at 5.  But, he has *never* testified about the reasonableness of fees in a trucking defense case. *See* Motion, p. 4-5 [Doc. 107].

This is problematic in this case because Mr. Greenfield opined that the fees were reasonable because of the complexity of the Herrera Suit.  Without any experience in trucking litigation, Mr. Greenfield opined that the case was complex.  Regions and AmWins do not expect Prime to proffer and expert that is a leading authority on trucking liability claims and the reasonableness of fees in such cases.  However, if an expert is to testify that the fees were reasonable due to certain complexities, for that opinion to aid the jury, the expert should have enough experience to be able to explain how and why the case was complex thereby justifying the fees.  Mr. Greenfield cannot do that.

### III.      Mr. Greenfield's Opinions Are Not Based on Sufficient Facts and Data.

### A.      It Is Not Disingenuous to Challenge Mr. Greenfield's Methodology.

At the outset, Prime argued that Mr. Greenfield and the Defendants' expert Joe Roper used the same methodology, and therefore, Regions and AmWins should not be allowed to challenge Mr. Greenfield's methodology.  However, Prime did not describe the methodology of either expert. Prime explained that both experts reviewed file materials and applied their knowledge, skill, training, and expertise to their analysis.  *See* Opposition, p. 8 [Doc. 112]. This is not a description of either expert's methodology; rather, it is a recitation of the Rule 702 requirements cited by all experts.  If this were the standard, then all expert methodologies would be adequate.

### B.      Mr. Greenfield's Analysis Is Unreliable.

Mr. Greenfield considered eight factors in forming his opinions.  In the Motion, Regions and AmWins explained that several of those factors could lead to an unreliable analysis with two of them being particularly problematic – amount at risk in the Herrera Suit and the complexity of

3

the factual and legal issues. The problems with these factors stem from Mr. Greenfield's lack of knowledge, training, and expertise regarding trucking liability litigation. For him to make a judgment as to the amount at risk in the litigation can only make sense if he has a least some trucking liability experience. Without that experience, Mr. Greenfield had no basis or context for forming his opinion that the Herrera Suit was a comparable case to prior substantial verdicts or determining that any settlement demands posed financial risks that differed from other trucking liability cases.

Further, to the same point, Mr. Greenfield's lack of trucking liability expertise led him to conclude that sleep apnea was a complex feature of the Herrera Suit. In its Opposition, Prime argued that Mr. Greenfield need not be an expert in sleep apnea to opine about it creating difficulties in the case. *See* Opposition, p. 10-11 [Doc. 112]. Prime missed the point. Mr. Greenfield need not be an expert on sleep apnea, but without adequate trucking liability expertise, Mr. Greenfield should not opine that sleep apnea added to the complexity of the case thereby justifying the fees that Prime incurred. Mr. Greenfield simply does not know whether sleep apnea adds complexity to trucking liability case.

## CONCLUSION

Mr. Greenfield claimed that he considered specific factors when forming his opinions but cannot articulate how he applied those factors or even how they affected his opinions. Without any understanding of the very issue that Mr. Greenfield said was a complex legal or factual issue, he concludes that his consideration of various factors led to his conclusion that Gibson Dunn's fees were reasonable. This certainly does not meet the standard requiring him to base his opinion on his "specialized knowledge" and "reliable principles and methods" and therefore Mr. Greenfield's testimony and opinions should therefore be excluded.

4

By: */s/ Meg L. Fowler*
Meg L. Fowler No. 53776
Emily D. Roman No. 69307
701 Market Street, Suite 1400
St. Louis, MO 63101
314-241-6160
314-241-6116 Fax
MLF@heplerbroom.com
ER1@heplerbroom.com
*Attorney for AmWINS Brokerage of the Midwest, LLC*

*/s Eric S. Johnson*
Eric S. Johnson No. 53525
Larry D. Fields No. 39426
Taylor J. White No. 67001
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
816-960-0090
816-960-9941
eric.johnson@kutakrock.com
larry.fields@kutakrock.com
taylor.white@kutakrock.com
*Attorneys for Defendant McGriff Insurance Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 15, 2023, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

*/s/ Meg L. Fowler*

5

4888-3836-8919.1