IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| NEW PRIME, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> McGRIFF INSURANCE SERVICES, INC., ) <br> et al, ) <br> ) <br> Defendants. ) | Case No. 6:22-cv-03037-MDH |

## ORDER

Before the Court is Defendants' Joint Motion to Exclude Evidence from Mr. Gary Greenfield under FRE 702 and *Daubert*. Plaintiff has responded and the matter is now ripe for review. For reasons herein, Defendants' Motion is **DENIED.**

## BACKGROUND

Plaintiff, a large trucking company, hired Mr. Greenfield to serve as an expert on the issue, generally, of the reasonableness of Plaintiff's decision to hire the Gibson Dunn law firm to defend Plaintiff in a wrongful death lawsuit stemming from a tractor trailer collision in New Mexico during December 2015. In the present lawsuit, Plaintiff has alleged Defendants, Plaintiff's insurance brokers, were negligent in their procurement of an insurance stack protecting Plaintiff against liability for tractor trailer collisions. This negligence, Plaintiff alleges, caused a coverage gap that resulted in Plaintiff having to pay significant attorney's fees related to the 2015 wrongful death lawsuit.

## STANDARD

An expert witness must (1) be qualified by virtue of his or her specialized "knowledge, skill, experience, training or education," (2) provide testimony based on "sufficient facts or data," (3) provide testimony that is "the product of reliable principles and methods," and (4) reliably apply "the principles and methods to the facts of the case." Fed. R. Evid. 702. The "proponent" of the testimony – whether plaintiff or defendant – has "the burden of establishing that the pertinent admissibility requirements are met by a preponderance of the evidence." See Fed. R. Evid. 702 advisory committee's note (2000).

The Federal Rules of Procedure, Federal Rules of Evidence, and *Daubert* require more than the statement of an opinion. Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires expert reports to contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." A retained expert is required to "prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor." Fed. R. Civ. P. 26(a)(2) advisory committee's note (1993).

Under Rule 702, trial courts serve as gatekeepers, "making a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Glastetter v. Novartis Pharms. Corp.*, 252 F.3d 986, 988 (8th Cir. 2001) (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–93 (1993)). District courts have considerable discretion in ruling on the admissibility of expert testimony and must separate expert opinion evidence "based on 'good grounds' from subjective speculation that masquerades as scientific knowledge." *Id.* at 989. An expert witness must (1) be qualified by virtue of their specialized "knowledge, skill,

experience, training, or education," (2) provide relevant testimony, in that it "assists the trier of fact to understand the evidence or to determine a fact in issue," and (3) provide reliable testimony, in that it is based on trustworthy evidence. FED. R. CIV. P. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). The proponent of the expert testimony bears the burden of establishing that each of these criteria is met by proving the admissibility of the evidence by a preponderance of the evidence. *Lauzon*, 270 F.3d, at 686. Furthermore, under Rule 403, expert testimony must be excluded where its "probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Miller v. Bayer Healthcare Pharms. Inc.*, No. 4:14-cv-00652-SRB, 2016 U.S. Dist. LEXIS 188485, at *2–3 (W.D. Mo. Nov. 30, 2016).

## DISCUSSION

### I. Mr. Greenfield's testimony as to reasonableness of hiring Gibson Dunn may assist the jury

Defendants argue, simply, that this Court should exclude Mr. Greenfield's testimony as to the reasonableness of hiring Gibson Dunn as defense attorneys in the underlying negligence lawsuit because "the jury will hear from [Plaintiff] why it hired Gibson Dunn. The jury does not need an expert to explain to the jury that he thinks [Plaintiff] made a good decision." (Doc. 107 at 7). This Court disagrees. The choice of a law firm, particularly a firm that does not necessarily specialize in tort defense, could reasonably confuse a jury. In 1991, Mr. Greenfield founded Litigation Cost Management ("LCM"), a litigation management firm that works with legal fee analysis and consulting. He appears to have worked at LCM since its founding in 1991. In this role, Mr. Greenfield has conducted hundreds of analyses of legal fees for various clients. Earlier in his career, Mr. Greenfield was a litigator for approximately fifteen years and he holds a law

3

degree from Berkeley. Collectively, this profile demonstrates Mr. Greenfield has the background necessary to evaluate the reasonableness of hiring a particular defense firm, given the underlying issues at play in the New Mexico lawsuit against Plaintiff. Contrary to Defendants' argument, the record lacks any indication Mr. Greenfield has been retained to opine on the ultimate issue of Defendants' alleged negligence. Rather, his report and testimony appear focused solely on Plaintiff's defense of the underlying auto collision lawsuit.

## II. Mr. Greenfield possesses sufficient specialized knowledge

In their second point, Defendants contend that, because Mr. Greenfield testified during deposition that he had little experience litigating personal injury cases, he lacks requisite knowledge to opine on reasonableness of attorney fees in a wrongful death suit stemming from a truck collision. Defendants' argument, however, overlooks the fact that Mr. Greenfield has spent the past thirty-three years managing a firm that specializes in analyzing and consulting on legal fees. Defendants fail to connect the dots as to how prior experience as a personal injury attorney is necessary for one to be able to offer expert opinion as reasonableness of attorney fees, even if the lawsuit at issue relates to personal injury or wrongful death. Defendants have not identified what particular aspects of a wrongful death case are unique, such that they preclude someone from opining on the reasonability of fees in such a case unless that person has extensive personal experience as a wrongful death litigator. Defendants' argument as to Mr. Greenfield's specialized knowledge appears to conflate prior experience as a wrongful death litigator with prior experience evaluating attorney's fees in a wide variety of cases. For this reason, no case Defendants cite applies to the instant matter. Mr. Greenfield's report focuses on the reasonableness of attorney's fees associated with the underlying case, not the reasonability of the case more broadly.

### III. Mr. Greenfield's testimony is sufficiently reliable

In their final point, Defendants ask this Court to exclude Mr. Greenfield's testimony because his analysis is based on insufficient data and unreliable techniques and methods. Specifically, Defendants argue that Mr. Greenfield's testimony is unreliable because: 1) insufficient data supported his conclusion about the amount at risk in the underlying wrongful death lawsuit; and 2) insufficient data supported the conclusion that the underlying wrongful death lawsuit involved complex legal or factual issues. As to the first point, Mr. Greenfield's report makes clear that he considered ample data when evaluating the risk faced by Plaintiff in the underlying lawsuit. While Defendants highlight a variety of evidence Mr. Greenfield could have obtained to inform his analysis (e.g. speaking to lawyers involved in similar cases in the same jurisdiction) (Doc. 107 at 12-13), Defendants cite no authority for the position that absence of such evidence somehow renders Mr. Greenfield's opinion unreliable. Mr. Greenfield's opinion cites in support variety of data (e.g. prior verdicts for factually similar cases in nearby jurisdictions and mock jury results) demonstrating sufficient reliability. (Doc. 107-1 at 6).

Defendants' final argument is that Mr. Greenfield's opinion is unreliable because, though he concluded the issues in the underlying lawsuit were complex because Plaintiff's driver suffered sleep apnea, he failed to investigate "how many accidents throughout the United States were caused by sleep apnea, how many personal injury lawsuits involve a commercial vehicle having allegations of sleep apnea, how common allegations of sleep apnea is in truck accident lawsuits, or what experience Gibson Dunn had in defending against trucking cases involving sleep apnea allegations before taking the underlying matter." (Doc. 107 at 14). As Plaintiff argues, however, Defendants' argument overlooks the various other reasons for complexity Mr. Greenfield's opinion cites, including, *inter alia*, various types of damages sought and volume of pretrial

5

motions. On balance, Mr. Greenfield's opinion as to complexity of the underlying suit cites sufficient data to demonstrate reliability.

## CONCLUSION

For foregoing reasons, Defendants' *Daubert* motion as to Mr. Greenfield is **DENIED**. This is a preliminary ruling subject to modification based on evidence admitted at trial.

 **IT IS SO ORDERED.**

Dated: February 14, 2024 　　　　　　　　　　　　 */s/ Douglas Harpool*  
　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**  
　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**